USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    –v–

Ralph Berry,

              Defendant.

20-cr-84 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendant Ralph Berry, who is represented by counsel, filed by mail a *pro se* motion to dismiss Counts 1 and 2 of the Indictment.  Upon receiving the *pro se* letter motion, the Court forwarded the correspondence to Mr. Berry's defense counsel.  Defense counsel for Mr. Berry subsequently notified the Court that Mr. Berry insisted that the Court rule on the merits of his letter motion.

The request is denied. Because Mr. Berry is represented by counsel, all filings and communications with the Court must come through counsel.  "A defendant has a right either to counsel or to proceed pro se . . . but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations."  *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016).  The decision whether to allow a counseled defendant to make a *pro se* application is committed to the discretion of the Court.  *See id.* at 108 n.5 ("[Defendant] did not have a right to insist that the district court hear his application. [Defendant] was not *denied* the assistance of counsel; rather, he was *permitted* to make a pro se application that he need not have been allowed to make.").  Accordingly, the Court has "wide latitude" to "require represented parties to present motions through counsel."  *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993).  The Court

denies the Defendant's motion on the basis that it will only consider filings made through counsel.

Moreover, even if the Court reached the merits of the Defendant's *pro se* motion, it would be denied.  To the extent the Defendant is asserting a Double Jeopardy argument, it is frivolous.  *See Witte v. United States*, 515 U.S. 389 (1995); *United States v. Grisanti*, 116 F.3d 984, 987 (2d Cir. 1997).  *See also United States v. Howard*, 998 F.2d 42, 48 (2d Cir. 1993).  And to the extent the Defendant is making an argument based on insufficiency of the evidence, it is also meritless and premature. *See United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998); *United States v. Brown*, 321 F. Supp. 2d 598, 599 (S.D.N.Y. 2004).

The Defendant's motion is denied.  Defendant is on notice that all future motions must be made by defense counsel or will be summarily denied.  *See, e.g.*, *Bennett v. United States*, No. 03-CV-1852 (SAS), 2004 WL 2711064, at *8 (S.D.N.Y. Nov. 23, 2004) ("To alleviate further improper filings, multiple submissions and the resulting confusion, I direct Bennett to file all future papers through his attorney. . . . The Court will no longer accept Bennett's *pro se* submissions.").

SO ORDERED.

Dated:  September 28, 2020
            New York, New York

_____
ALISON J. NATHAN
United States District Judge