USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ralph Berry & Frank Lopez,

Defendants.

20-CR-84 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendants Ralph Berry and Frank Lopez are charged in a two-count indictment that accuses them of participating in a June 2000 shooting that caused the death of Caprice Jones. Before the Court is Berry and Lopez's motion to dismiss for preindictment delay. For the reasons that follow, the motion is DENIED.

I.  **Background**

Berry and Lopez are charged in a two-count indictment returned on January 30, 2020. Dkt. No. 1. Count One of the Indictment alleges that on or about June 21, 2000, Berry and Lopez caused the death of Caprice Jones through the use of a firearm while they were engaged in a conspiracy to distribute mixtures and substance containing a detectable amount of cocaine base—crack cocaine—in violation of 18 U.S.C. § 924(j)(1) & (2). Count Two alleges that while engaged in a conspiracy to distribute 280 grams or more of mixtures and substance containing a detectable amount of crack cocaine, they intentionally and knowingly killed Jones, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. Indictment ¶¶ 1–2.

More specifically, the Indictment alleges that Berry handed a gun to Lopez, who shot Jones in the vicinity of 751 East 161st Street in the Bronx. *Id.* ¶ 2. According to the Government, Jones initially survived the shooting, though he was confined to a wheelchair for

1

the rest of his life. He died on November 21, 2010, which the Government alleges was caused by the injuries he sustained on June 21, 2000. Dkt. No. 82 ("Gov. Opp'n Br.") at 1.

At the time of the shooting, police officers and detectives canvassed the area, collected evidence, and interviewed witnesses. *See* Dkt. No. 76 ("Def. Br."), Exs. A–D. Berry was arrested about one week after the shooting, but due to a lack of reliable witnesses, the Bronx District Attorney's office declined to prosecute him and he was released. *Id.*, Ex. D. Over the years, Berry and Lopez would both face criminal charges in federal court premised on charges of conspiracy to distribute crack cocaine. It was not until November 2010, after Jones died, that the investigation into the shooting restarted. *See id.*, Ex. G; Gov. Opp'n Br. at 6–7. At the time, the investigation was conducted by local authorities. According to the Government, its investigation into the shooting did not begin until 2016. At that time a new witness came forward who allegedly identified Berry and Lopez as the perpetrators of the shooting. Another witness came forward in November 2019. The Government alleges that it was based in part on this new witness testimony that a grand jury returned the indictment in January 2020, nearly twenty years after the shooting took place and nearly ten years after Jones died.

It is against this backdrop that on April 14, 2021, Berry moved to dismiss the indictment on the basis that the pre-indictment delay violated his constitutional rights. Dkt. No. 75. Lopez subsequently joined that motion. Dkt. No. 77. The motion is fully briefed. *See* Dkt. Nos. 82, 83.

**II.     Legal Standard**

The statute of limitations is "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971). An indictment filed within the statute of limitations is thus presumed valid. *See United States v. Cornielle*, 171 F.3d 748, 751

(2d Cir. 1999). To prevail on a claim that an indictment brought within the statute of limitations violates constitutional due process, a defendant bears the "'heavy burden' of proving both that both that he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the government for an improper purpose." *Id.* at 752 (emphasis in original) (quoting *United States v. Scarpa*, 913 F.2d 993, 104 (2d Cir. 1990)).[1] The Second Circuit has observed that "while the [Supreme] Court may not have shut the door firmly on a contention that at some point the Due Process Clause forecloses prosecution of a claim because it is too old, at most the door is barely ajar." *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 790–91 (2d Cir. 1999).

### III.  Discussion

To obtain dismissal of the indictment, the Defendants would have to show that the Government acted with an improper purpose in delaying pursuit of the indictment and that Defendants suffered actual and substantial prejudice as a result. The Court sees no evidence that the Government's delay in bringing these charges was designed to hinder the Defendants' ability to prepare a defense. It need not reach that question, however, because the Defendants have not made a showing of actual prejudice to carry their "heavy burden" sufficient to obtain dismissal of the indictment on these grounds.

The Second Circuit has defined actual prejudice as the "sort of deprivation that impairs a defendant's right to a fair trial." *Cornielle*, 171 F.3d at 752 (citing *United States v. Elsbery,* 602

---

[1] The Second Circuit has not yet reached the question of whether *reckless*—as opposed to intentional— disregard of circumstances that would likely impede a defendant's ability to mount a defense may support a due process challenge based on pre-indictment delay. *See United States v. Wey*, No. 15-CR-611 (AJN), 2017 WL 237651, at *13 (S.D.N.Y. Jan. 18, 2017) (collecting cases). As this Court has previously said, it is inclined to agree with those district courts that have required a showing of intentionality. *Id.* The Court need not reach that question here, though, because Defendants have failed to identify the kind of actual and substantial prejudice necessary to carry this sort of motion.

F.2d 1054, 1059 (2d Cir. 1979)). This may be established, for example, by the loss of documentary evidence or the unavailability of a key witness. *Id*. But to prevail, it is not enough to point to the loss of evidence or the unavailability of witnesses. At a minimum, a defendant must show *how* the loss of evidence or unavailability of witnesses is prejudicial, relying on proof that is "definite and not speculative." *United States v. Birney*, 686 F.2d 102, 105–06 (2d Cir. 1982) (internal quotations omitted). "Faded memories or unavailable witnesses are inherent in any delay, even if justifiable. To merit dismissal a defendant must demonstrate a substantial, actual prejudice to his ability to defend himself." *United States v. Delacruz*, 970 F. Supp. 2d 199, 202 (S.D.N.Y. 2013) (internal quotation marks omitted).

The Defendants have failed to establish that the pre-indictment delay caused them actual and substantial prejudice. To begin with, their claims regarding the loss of evidence are too conclusory or vague to warrant a finding of actual and substantial prejudice. To prevail on a motion to dismiss for pre-indictment delay, a defendant must show more than that the loss of evidence was "possibly" favorable. *United States v. King*, 560 F.2d 122, 131 (2d Cir. 1977). This case does not test the outer limits of that doctrine. The Defendants point to their inability to secure security footage, cell phone and cell site records, and to inspect the car that Berry was allegedly operating that day as proof of actual and substantial prejudice. Their claims fail for at least three reasons. First, the motion lacks any suggestion or indication of what the security footage or cell site records would have shown, and the Defendants fail to identify what they might have derived had they been able to inspect the car that Berry allegedly drove that day. Second, the motion does not provide any basis to conclude that the evidence, if available, would have been favorable to the Defendants. And third, the motion is unsupported by any proof that might substantiate a finding of actual and substantial prejudice as a result of the delay. *Birney*,

686 F.2d at 106. Such bare assertions do not satisfy the "definite and not speculative" requirements attendant on the Defendants' "heavy burden" to show actual prejudice. *Cornielle*, 171 F.3d at 752 (internal quotation marks omitted); *Birney*, 686 F.2d at 105–06. Rather than providing proof of prejudice, or even a cognizable theory of prejudice, the Defendants appear to rely on the proposition that the loss of evidence merits an inference that the evidence would have been both favorable and material. *See* Def. Br. at 14, 16; Dkt. No. 83 ("Reply") at 3. As the side that bears the burden, however, the defense is not entitled to any such inference. *Cf. United States v. Badoolah*, No. 12-CR-774 (KAM), 2014 WL 4793787, at *4 (E.D.N.Y. Sept. 25, 2014) ("Defendant's contention that the actual prejudice he suffered is the 'missed opportunity' to explore whether a witness could offer testimony favorable to his defense is unsupported by the caselaw in this circuit.") (collecting cases). Without even a cursory showing of *what* the evidence would have shown, the Defendants raise "at most the *possibility* of prejudice," but "[n]o actual prejudice is established." *United States v. Foddrell*, 523 F.2d 86, 88 (2d Cir. 1975) (emphasis added). Their showing falls far short of the standard.

Defendants' arguments regarding the unavailability of witnesses meet a similar fate. They identify a number of witnesses who have either died or whose memories have dimmed in the two decades that have passed since the day of the shooting. For three of these witnesses, however, they fail to identify what those witnesses would have attested to had the case been brought sooner; they fail to substantiate the proposition that the testimony would have been favorable to them; and they fail to provide any proof to support their claims of actual and substantial prejudice. Moreover, even assuming *arguendo* that the Defendants had established that the testimony would have been favorable to them, they have not shown that the witnesses would have been "key" and not peripheral. *See United States v. Rubin*, 609 F.2d 51, 66 (2d Cir.

1979) (citing *United States v. Vispi*, 545 F.2d 328, 331–332 (2d Cir. 1976)); *Cornielle*, 171 F.3d at 752. As evidenced in the police reports that the Defendants submitted in support of their motion, none of the missing witnesses saw the shooting. Ultimately, the Defendants cannot escape the speculative nature of their claim, contending only that the testimony would "*potentially* undermine[]" the Government's theory of the case and they admit that "defense counsel does not know what evidence these witnesses could provide to corroborate Mr. Berry's position that he was not involved in the shooting." Def. Br. at 14 (emphasis added). As already stated, however, to obtain dismissal of the indictment for pre-indictment delay, the defense must make an adequate showing of actual prejudice and not the mere possibility of prejudice. *Foddrell*, 523 F.2d at 88.

The Defendants' showing is somewhat more detailed with respect to the remaining witness, Abraham Batista. According to a police report, Batista told police that he saw a silver Jeep parked nearby prior to the shooting, that he heard gunshots and tires screeching, and that when he looked from his apartment window he noticed that the Jeep was gone and that a man was lying on the ground. Def. Br. at 14 & Ex. A. Defense counsel were able to interview Mr. Batista, but they proffer that he told defense counsel that he has no recollection of the shooting. But Mr. Batista's faded memory is insufficient to establish actual and substantial prejudice for a number of reasons. Most notably, the mere fact that Batista's testimony could potentially be missing is insufficient, particularly where, as here, the testimony would be too peripheral to justify dismissal of the indictment. *See United States v. King*, 560 F.2d 122, 131 (2d Cir. 1977) (discussing instances of claimed prejudice and finding them "too speculative, too peripheral, and too slight to call for dismissal."); *United States v. Lawson*, 683 F.2d 688, 694 (2d Cir. 1982) (testimony that is "at best corroborative on minor points" is insufficient). According to the

police report on which the Defendants rely, Batista heard but did not witness the shooting. *See* Def. Br., Ex. A. And all he witnessed was that a car was previously present and that, after the shooting, it was gone. The rule in this Circuit has long been that "missing peripheral witnesses are not enough," *Rubin*, 609 F.2d at 66 (citing *Vispi*, 545 F.2d at 331–332), and the defense's showing here is too slight to satisfy the heavy burden needed to warrant a finding of actual and substantial prejudice on the basis of what Batista's testimony would have been had the case been brought sooner. It is enough to say, however, that even if Batista no longer recalls the day of the shooting, the Defendants have not shown that the absence of his testimony rises to the level of actual and substantial prejudice necessary to carry this kind of motion.

In sum, the Defendants have been unable to establish the existence of the kind of prejudice that impairs their right to a fair trial. *Cornielle*, 171 F.3d at 752; *see also United States v. Elsbery,* 602 F.2d 1054, 1059 (2d Cir. 1979). Assessed individually or in conjunction with each other, the allegations of prejudice are too slight to prove that the pre-indictment delay caused an unconstitutional interference with the Defendants' right to a fair trial. Lacking that necessary showing, the motion fails. *See, e.g.*, *United States v. Lovasco*, 431 U.S. 783, 790 (1977) (noting that "proof of prejudice" is a necessary element of a due process claim). And because the Court concludes that the Defendants have not articulated actual and substantial prejudice, it need not address the Government's state of mind or purpose in delaying the filing of these charges.

Finally, the Court also denies the Defendants' alternative request for an evidentiary hearing. *See* Def. Br. at 1; Reply at 3. Certainly, the motion does not make a showing that an evidentiary hearing is warranted. Defendants have failed to identify any factual issues in dispute that a hearing could help resolve. Moreover, they fail to identify any specific evidence—

7

testimonial or otherwise—that they would raise at an evidentiary hearing that could establish that they have suffered actual and substantial prejudice as a result of the pre-indictment delay. Having concluded that, as a matter of law, the motion fails, and without any representations from the Defendants as to what factual issues an evidentiary hearing would resolve, the Court denies the request for an evidentiary hearing.

## IV. Conclusion

For the reasons stated above, the motion to dismiss for pre-indictment delay is DENIED. This resolves Dkt. Nos. 75 and 77.

SO ORDERED.

Dated: June 29, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge