UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

RALPH BERRY,

Defendant.

PROTECTIVE ORDER

20 Cr. 84 (AJN)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/21

Upon the application of the United States of America, Audrey Strauss, United States Attorney for the Southern District of New York, Assistant United States Attorneys Dominic A. Gentile, Jacob R. Fiddelman, and Adam S. Hobson, of counsel, and with the consent of defendant RALPH BERRY, through Mark S. DeMarco, Esq., Jeremy Scheider, Esq., and Ezra Spilke, Esq., his counsel, for an order limiting the dissemination of any and all Jencks Act and *Giglio* material produced in connection with the above-captioned case, it is hereby ORDERED that:

1. The Government has made and will make disclosure to the defendant of documents and information, including electronically stored information, pursuant to 18 U.S.C. §3500 and the Government's general obligation to produce impeachment material in criminal cases (the "Section 3500 Materials"). The Section 3500 Materials will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. The Section 3500 Materials shall not be disclosed by the defendant or defense counsel, including any successor counsel ("defense counsel") other than as set forth herein, and shall be used by defense counsel and the defendant solely for the purpose of defending this criminal

action (including any appeals and collateral challenges). The defense is prohibited from using the Section 3500 Materials for any other purpose.

3. The defendant and defense counsel are precluded from disseminating the Section 3500 Materials (except for Sensitive Materials, to which greater restrictions apply as set forth below), and any and all printouts and/or digital versions of the Section 3500 Materials (and any copies and/or screenshots) to anyone beyond the defendant, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by the defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action (including any appeals or collateral challenges), and such other persons as hereafter may be authorized by the Court upon motion by the defendant.

4. The defendant and defense counsel must destroy or return all copies of the Section 3500 Materials, including any and all printouts and/or digital versions of the Section 3500 Materials (including all copies), at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

5. **Sensitive Materials.** Certain parts of the Section 3500 Materials are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein (collectively, "Sensitive Materials"). Any such material will be identified in writing as "SENSITIVE" by the Government. The Government's designation of any

2

Section 3500 Materials as Sensitive Materials will be controlling absent contrary order of the Court.

6. Sensitive Materials must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (i.e. employed by or retained by counsel). Sensitive Materials may be reviewed by the defendant only in the presence of counsel, and the defendant may not retain or possess Sensitive Materials in the jail or otherwise.

7. Any party wishing to file Sensitive Materials with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal.

[Remainder intentionally blank]

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
August 18, 2021

| AUDREY STRAUSS | COUNSEL FOR |
| United States Attorney | RALPH BERRY |
| for the Southern District of New York | |

By: _____  By: *Mark S. DeMarco*
Dominic A. Gentile                Mark S. DeMarco, Esq.
Jacob R. Fiddelman                Jeremy Schneider, Esq.
Adam S. Hobson                    Ezra Spilke, Esq.
Assistant United States Attorneys

SO ORDERED:

_____ 8/19/21
HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

4