```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                               :
UNITED STATES OF AMERICA       :    SUPERSEDING
                               :    INDICTMENT
        - v. -                 :
                               :    S2 20 Cr. 84 (AJN)
RALPH BERRY,                   :
                               :
        Defendant.             :
                               :
- - - - - - - - - - - - - - - X
```

## COUNT ONE

The Grand Jury charges:

1.   On or about June 21, 2000, in the Southern District of New York and elsewhere, RALPH BERRY, the defendant, willfully and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a conspiracy to distribute mixtures and substance containing a detectable amount of cocaine base, in a form commonly known as "crack," did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of Caprice Jones in the vicinity of 751 East 161st Street in the Bronx, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT TWO

The Grand Jury further charges:

2.    On or about June 21, 2000, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely a conspiracy to distribute 280 grams and more of mixtures and substance containing a detectable amount of cocaine base, in a form commonly known as "crack," RALPH BERRY, the defendant, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Caprice Jones and such killing resulted, and did aid and abet the same, to wit, BERRY ordered a shooting in the vicinity of 751 East 161st Street in the Bronx, which caused Jones's death.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18,
United States Code, Section 2.)

## COUNT THREE

The Grand Jury further charges:

3.    At all times relevant to this Superseding Indictment, RALPH BERRY, the defendant, and others known and unknown, were members and associates of a drug crew located in and around the McKinley Housing Development in the Bronx, New York (the "Berry Crew" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics

trafficking, and acts involving murder. The Berry Crew operated principally in and around the Bronx, New York.

4.    The Berry Crew, including its leadership, its members, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

5.    Members and associates of the Berry Crew sold cocaine base, in a form commonly known as "crack," primarily in and around the McKinley Housing Development in the Bronx, New York.  The Berry Crew controlled crack sales within this area by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from distributing crack in the area controlled by the Berry Crew.

6.    Certain members and associates of the Berry Crew committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their drug trafficking operation and to protect fellow members and associates of the Berry Crew. These acts of violence included assaults, and acts involving murder, and were intended to protect the Berry Crew's drug territory, retaliate against members of rival gangs who had encroached on the territory controlled by the Berry Crew, and to

otherwise promote the standing and reputation of the Berry Crew amongst rival gangs.

<u>Purposes of the Enterprise</u>

7.    The purposes of the Enterprise included the following:

a.       Preserving    and    protecting    the    power, territory, and profits of the Enterprise through acts involving murder, and other acts of violence, and threats of violence.

b.       Promoting and enhancing the Enterprise and the activities of its members and associates.

c.       Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including cocaine base, in a form commonly known as "crack."

<u>Means and Methods of the Enterprise</u>

8.    Among the means and methods employed by the members and associates of the Enterprise in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.       Members    and    associates    of    the    Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with members of other drug crews.

b.       Members and associates of the Enterprise used threats of violence and physical violence against other members

and associates to enforce and maintain discipline within the Enterprise.

        c.     Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, against members of rival drug crews and other individuals adverse to the Enterprise.

        d.     Members and associates of the Enterprise obtained, possessed, and used firearms.

        e.     Members and associates of the Enterprise distributed controlled substances, including cocaine base, in form commonly known as "crack."

        f.     Members and associates of the Enterprise committed acts of intimidation and made threats as a means of deterring and punishing any potential witnesses to its crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

9.   At all times relevant to this Superseding Indictment, the Berry Crew, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of the laws of New York State, and offenses involving drug trafficking in violation of 21 U.S.C. §§ 812, 841, and 846.

10.   On or about June 21, 2000, in the Southern District of New York and elsewhere, RALPH BERRY, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value from the Berry Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the Berry Crew, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of Caprice Jones in the vicinity of 751 East 161st Street in the Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, to wit, BERRY ordered another member of the Berry Crew to carry out a shooting which caused Jones's death.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

### RALPH BERRY,

Defendant.

---

### SUPERSEDING
### INDICTMENT

S2 20 Cr. 84 (AJN)

(18 U.S.C. §§ 924(j)(1), 1959(a)(1),
and 2, and
21 U.S.C. § 848(e)(1)(A).)

AUDREY STRAUSS
United States Attorney

_Craay Mutehe_
Foreperson

---

8/19/2021

NE.

Super Seding Indictment filed

Sarah L Cave
U.S.M.J