UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA               :

                        -v-                    :             20-CR-84 (AJN)

                                      :

Ralph Berry,                          :               ORDER

                                      :

                      Defendant.         :

                                      :

-------------------------------------------------------------------X

ALISON J. NATHAN, United States District Judge:

       Attached are draft voir dire and draft preliminary remarks to be read to the jury that will

be discussed at the final pretrial conference today.

       SO ORDERED.

Dated: September 15, 2021
       New York, New York
                           _____
                               ALISON J. NATHAN
                           United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/21

S2 20cr84, United States v. Berry
Draft: September 15, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
UNITED STATES OF AMERICA,        :

                                :

        -v-                 :

                                :          S2 20cr84

RALPH BERRY,                  :

                                :          <u>VOIR DIRE</u>

                  Defendant.       :
---------------------------------------------------------------------X


ALISON J. NATHAN, United States District Judge:


## **<u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON</u>**

## **<u>THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

## A.    Summary of the Case

Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection.  As I told you a moment ago, however, nothing I say is evidence.  Moreover, the Indictment is not evidence.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  And the Defendant is presumed innocent.  I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.  With those important principles in mind, here is the summary:

This case involves the June 21, 2000 shooting of a man at the McKinley Houses, which are located in the vicinity of East 161st Street and Tinton Avenue in The Bronx. The Government alleges that the shooting was related to a crack-cocaine distribution conspiracy and that the victim of the shooting later died as a result.

The defendant denies all charges in the indictment.

## B.    Fundamental Principles

Now, let me start by describing a few fundamental rules of law that must guide all of us during this trial.  I will ask you whether you have any hesitation or unwillingness to accept the rules of law and fundamental principles that I am about to describe.

As I have just told you, the charges in this case are contained in an indictment.   The indictment itself is not evidence that a defendant is guilty or not guilty.  It merely contains formal accusations.  It does not affect in any way the presumption of innocence that the law gives every accused person at a trial.

A defendant is presumed to be innocent of the charges contained in the indictment, and this presumption of innocence remains in a defendant's favor at all times throughout the trial unless and until the Government proves every element of a particular charge beyond a reasonable doubt.  If, after carefully considering all the evidence presented, and following the rules of law that I will explain to you, you have a reasonable doubt about the Defendant's guilt as to a particular charge, you must acquit that defendant of the particular charge—that is, find that Defendant not guilty of that charge.  If, however, after careful consideration of all the evidence presented, and following the rules of law that I shall explain to you, you have no reasonable doubt as to the Defendant's guilt as to a particular charge, then you must convict the Defendant of that charge—that is, find that Defendant guilty of that charge.

It is also an important principle of law that criminal defendants have the right not to testify.  If the defendant does not testify, you must not draw any inference against the defendant based on that decision and that fact must not enter into your deliberations.

The function of the jury is to decide all questions of fact based on the evidence presented in Court.  You who are chosen as jurors will be the only judges of the facts and nothing the Court or the lawyers say or do may in any way intrude on your role as exclusive fact-finders.  Jurors are required to make their decisions solely on the basis of the evidence presented at trial or the lack of evidence, and not on the basis of conjecture, suspicion, sympathy, bias, or prejudice for or against any party.

When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether the Government has proven the Defendant guilty of the charges in the indictment beyond a reasonable doubt, according to my instructions.

The question of any punishment is for the Court alone and the jury may not consider possible punishment when it is deciding whether the Government has carried its burden of proving the Defendant guilty beyond a reasonable doubt.

## C.    General Ability to Serve

1.    Would you have any difficulty following my instructions with respect to the fundamental principles I have just outlined?

2.    Do you have any personal knowledge of the charges in the indictment as I have described it?

3.    Have you read or heard anything about this case through the media, the internet, or through any other source?

4.    Is there any reason you could not view and decide fairly and impartially a case involving the charges as I have described it?

5.    This trial is expected to last approximately 2 weeks. Do you have any unmovable commitments that would interfere with your serving as a juror at a trial that is expected to last approximately 2 weeks?

6.    Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

7.      Do you have any difficulty understanding or reading English?

8.      Do you have any medical problems that might interfere with your service as a juror in this case?

9.      Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

10.      Do you have any religious or ethical beliefs that would prevent you from rendering a verdict?

**D.     <u>Knowledge of Parties, Lawyers, Witnesses, Places, and Entities</u>**

11.      The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Audrey Strauss.  Do you or does any relative or close friend know Audrey Strauss or anyone associated with her office?

12.      Do you or does any relative or close friend know any of the following prosecutors or other individuals from the U.S. Attorney's Office who will be handling this trial?

     a.   Assistant United States Attorney Dominic Gentile.

     b.   Assistant United States Attorney Jacob Fiddelman.

     c.   Assistant United States Attorney Adam Hobson.

     d.   Paralegal William Coleman.

13.      The prosecutors will be assisted by Special Agent Stefano Braccini of the U.S. Attorney's Office and Detective Gary Haber of the New York City Police Department.  Do you know either Special Agent Braccini or Detective Haber?

14.      Do you or does any relative or close friend know the Defendant Ralph Berry?

15.     Do you or does any relative or close friend know any of the following defense attorneys representing Mr. Berry or other individuals assisting the defense?

    a.   Mark Demarco;

    b.   Jeremy Schneider

    c.   Ezra Spilke

    d.   Paralegal Mayerlin Ulerio

    e.   Paralegal Dylan Schneider

16.     Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

    a.   Ralph Berry

    b.   Caprice Jones

    c.   Frank Lopez

    d.   Rocky Cintron

    e.   Jesus Ortiz

    f.   LaShawn Paige

    g.   Guy Neal

    h.   Tarice Walker

    i.   Charlie Frazier

    j.   Neville Trotman

    k.   Tracy Jones

    l.   Rasheen Vega

    m.   Chad Vazquez

    n.   Dr. Jennifer Roman

    o.  Dr. James Gill

    p.  Michael Lowery

    q.  Vyacheslav Polosin

17.    Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, or myself?

18.    The following is a list of places that may be mentioned during the course of the trial. All are located in Bronx, New York:

    a.  McKinley Housing Development

    b.  765 East 163rd Street

    c.  751 East 161st Street

    d.  731 East 161st Street

    e.  East 161st Street and Tinton Avenue

    f.  East 156th Street and Jackson Avenue

    g.  169th Street and Liman Place

    h.  163rd Street and Intervale Avenue

    i.  156th Street and Forest Avenue

    j.  671 Westchester Avenue

19.    Do you have a familiarity with any of those places or entities that would interfere with your ability to be fair and impartial in this case and to decide the case based on the evidence presented in court?

**E.**    **Relationship with, and View of, Government, Defense and Others**

20.    Have you ever studied or practiced law or worked in any capacity for a law office?

21.     Have you or has a relative or close friend worked for or with any federal, state, or local law enforcement agency, such as the United States Attorney's Office for the Southern District of New York or the New York City Police Department (NYPD)?

22.     Have you or has a relative or close friend done work for or been associated with a criminal defense lawyer or private investigator?

23.     Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States?

24.     Do you have any views about any views about the United States Attorney's Office for the Southern District of New York, the New York City Police Department, or any other law enforcement agency that would interfere with your ability to be fair and impartial?

25.     Do you have any views about criminal defense attorneys that would interfere with your ability to be fair and impartial?

F.     **Experience with, and Opinions of, Lawsuits, Crime, Legal Proceedings, Other**

26.     If you or any member of your immediate family has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

27.     Have you or any member of your immediate family ever appeared as a witness either at a trial or in a grand jury investigation?

28.     Have you or any family member or close friend ever been questioned in any matter by a federal, state, or local law enforcement agency?

29.     Are you or any family member or close friend under subpoena or about to be subpoenaed in a criminal case?

30.     Have you ever been a witness or a victim in any federal or state prosecution?

8

31.    Have you ever been a victim of a crime OR been a defendant in a criminal case?

32.    The witnesses in this case may include law enforcement witnesses, including employees of the US Attorney's Office and the New York Police Department.  Would you have any difficulty assessing the credibility of a law enforcement officer just like you would any other witness?

33.    You may hear testimony in this case from cooperating witnesses, who will be called to testify pursuant to agreements with the Government, and you may learn that they have participated in serious crimes.  Such cooperating witnesses hope to receive a reduction in their sentences as a result of their cooperation with the Government.  The use of testimony from cooperating witnesses is lawful and permitted. Do you have any views about the Government's use of cooperating witnesses that would influence your ability to evaluate this evidence fairly?

34.    You may hear evidence that other individuals, in addition to the Defendant, were involved in the alleged crimes.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable towards the Government or the Defendant from that fact.  You may also not speculate as to the reason why other persons are not on trial in this case.  Do you have any concern that you could not follow this instruction?

35.    You may hear evidence that involves the medical condition known as paraplegia, which is a kind of paralysis.  Do you or a close friend or family member have experience with paraplegia that would interfere with your ability to be fair and impartial?

36.    You may hear evidence regarding the use and distribution of illegal drugs, in particular crack cocaine.  Do you or a close friend or family member have experience with illegal drugs that would interfere with your ability to be fair and impartial?

37.     You may hear evidence relating to firearms.  Do you or a close friend or family member have experience with firearms that would interfere with your ability to be fair and impartial?

38.     You may hear testimony relating to criminal enterprises or street gangs.  Have you or a close friend or family member ever been a victim of a crime committed by a member of any street gang, or had any experience with a street gang, that would interfere with your ability to be fair and impartial?

**G.      Final Question**

39.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you would be able to serve conscientiously, fairly, and impartially in this case, and render a true and just verdict without fear, favor, sympathy, bias, or prejudice, and according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1. Please state your name and county of residence.  Please list each county of residence during the past five years.

2. How old are you?

3. How far did you go in school? And what did you study?

4. What do you do and who is your employer?  (If retired or unemployed, describe your last employment.)

5. How long have you been employed in your current position?  If fewer than five years, where else did you work in the last five years?

6. Who are the members of your household and for whom do they work?

7. Do you have grown children?  For whom do they work?

8. Have you ever served as a juror?  If so, when did you serve and were you on a grand jury or a regular jury?  If a regular jury, was it a civil or criminal case?  Without indicating what the verdict was, did you reach a verdict?  (**Do not tell us what the verdict was**.)

9. Where do you typically get news?  For example, what print newspaper, magazines, television, radio show, podcast, or internet/app news site(s) do you read, watch, or listen to?

S2 20cr84, United States v. Berry
Draft: September 15, 2021
Preliminary Remarks to be Read to the Jury

I.      OPENING REMARKS RE COVID

On behalf of the judges of the United States District Court for the Southern District of

New York and our Chief Judge, the Honorable Laura Taylor Swain, welcome to the Daniel

Patrick Moynihan United States Courthouse.

The Federal Court in Manhattan has been in continuous operation for 231 years, through

several wars, the Influenza Pandemic of 1918, the Great Depression, and the attack of

September 11, 2001.  During the present pandemic, the Judges of the Court and their staff have

continued to operate at the courthouse or remotely from their homes.  After a break between

March and August last year, we resumed jury trials.  Since last September, we have conducted

over 62 jury trials and done so safely.

Jury trials are part of the bedrock of American democracy.  Citizen jurors, not judges,

decide the outcome of criminal and civil disputes.  This right to trial by jury is enshrined in the

Sixth and Seventh Amendments to our Constitution.

Each of you have responded to the call to serve.  It is an important thing you have done.

You are sending the message that you want the cherished American institution of trial by jury to

continue, even in the most challenging of times.

We as a Court have gone to great lengths to ensure your safety.  Persons entering the

building, must complete an electronic questionnaire.  Those of you who serve on a jury will

receive a face mask and other items.

Our witnesses will testify from a Plexiglass partitioned witness box with HEPA Filter, and lawyers will conduct examinations from a similarly equipped podium.  All other participants, including the judge will wear a facemask at all times and maintain distance.

If you are selected to serve, you will be provided lunch each day, which you will be able to eat in an area with social distancing.  You will not be in a regular jury room.  We have reoutfitted large courtrooms to be used as jury rooms.

Our Clerks Office and District Executive Office have endeavored to think through every detail.  We will ask you at the conclusion of the trial what we can do to make jury service more comfortable.

II.     <u>GENERAL INTRODUCTION</u>

Welcome to the United States District Court for the Southern District of New York.  My name is Judge Alison Nathan, and I will be the judge presiding over this matter.

Thank you for being here.  Jury service is one of the most important duties of citizenship, and our system of justice depends on citizens who are willing to meet their civic responsibilities.  And so while I know that this may not be the most convenient time for some of you to be here, your presence is important, and we are grateful to all of you for being here.  I value your time and one promise I will make you (and keep) is that I will keep the trains running smoothly and on time.  If you listen carefully to my instructions and follow them, that will assist in us moving through this process efficiently.

You will receive a written questionnaire and a pencil.  Please do <u>not</u> open this yet, read the questions or write anything on the questionnaire until I tell you to.  I will give you some preliminary instructions first.  I will then go over the list with you question by question.  Please listen carefully.

We are here to select a jury to try a criminal case titled *United States v. Ralph Berry.* This trial is expected to last approximately two weeks.

Our purpose, as I am sure you know, is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side; and who will decide the case based only on the evidence that is presented in court during the trial.  In order to do that, I am going to ask certain questions of you — questions about your personal background, your family, some of your beliefs and attitudes about certain matters, how you are employed, and so forth.

You should understand that my questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors, who can listen to the evidence with an open mind, and decide the issues in this case based only on the sworn testimony given in this courtroom, on whatever exhibits may be received in evidence, and on my instructions as to the law.  The selection of such a jury is our goal at this point.

From your answers to my questions I will be able to determine whether you should be excused for cause — that is, for a good reason.  Your answers will also allow the parties to make intelligent use of their peremptory challenges.  Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

If you are excused from serving as a juror in this case, you will get your jury card and may be asked to go through the same process in a different case.  If you are excused, do not consider that a reflection on you personally.  This is all part of our system of justice, which is intended to provide all parties with a fair and impartial jury.  You will have done your duty by your presence and your readiness to serve if chosen and your honest answers to my questions.

My questions to you, and your answers to them, are not evidence in this case.

Even though what you and I say here is not evidence, it is very important that you not say in open court anything about the parties in this case or about any other matter that might affect the open-mindedness and fairness of the other jurors.  If there are any matters that you feel should be disclosed to me that might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them.

As I said, this is a criminal case.  The charges against the Defendant are set forth in an indictment.  An indictment is a formal method of accusing a defendant of a crime.  It is not evidence of any kind.  It is the Government's burden to establish a defendant's guilt beyond a reasonable doubt.  I will instruct the jury on what this burden of proof means after the evidence is presented.

The Defendant has pled "not guilty" to the indictment.  That is, he has denied the charges made by the Government.  The accusations, and the Defendant's denials of those accusations, raise issues of fact that must be decided by a jury on the basis of evidence that will be presented in court.  Unless and until the Government proves the Defendant's guilt by competent evidence beyond a reasonable doubt, the Defendant is presumed to be innocent of the charges contained in the indictment.

III.   <u>FUNCTION OF JURY</u>

Before I ask you specific questions, let me preview a few basic rules of law that must guide all of us during this trial.  First, the function of the jury is to decide disputed questions of fact.  You who are chosen as jurors will be the only judges of the facts, based only on the evidence presented.  When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court — that is, from me — and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether the Government has proven the Defendant's guilt beyond a reasonable doubt.

It is important that you discharge your duties without discrimination, meaning that you should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances as you exercise your judgment throughout the trial.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Let me add that, during the course of the trial, you will receive all the evidence you properly may consider to decide the case.  Because of this, unless and until you are excused as a juror, you may not attempt to gather any information on your own relating to the case.  This is important.  Do not engage in any outside reading on this case; do not attempt to visit any places mentioned in the case; do not use the internet (including Google, Facebook, Twitter, or any other social media site or website) to learn anything about the case or anyone involved in the case.  Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

The reason for these rules, as I am certain you understand, is that in order to have a fair trial, your decision in this case must be made solely on the evidence presented at the trial.

IV.   <u>SCHEDULE</u>

Before we turn to the questionnaire you received earlier, let me briefly tell you about the schedule, although I will return to the topic later with the jurors who are selected.  We will sit each day from approximately 9:30am until 5pm.  We will take about an hour-long break for lunch each day.  The trial will last approximately two weeks.  I assure you that I will keep the trains running smoothly and on time.

V.   <u>QUESTIONS TO JURORS</u>

In just a minute, I am going to go through the questionnaire.  But before we proceed any further, I will ask my Courtroom Deputy, Ms. Khalilah Williams, to administer the oath to all of you.  By taking this oath you are making a solemn commitment to answer the questions I put to you truthfully.

**[OATH]**  ***Does each of you solemnly swear or affirm that you shall give true answers to all questions as shall be put to you touching upon your qualifications as jurors in this case?***

OK, now please listen carefully as I explain how we are going to proceed.

I am going to ask Juror Number One each of the questions on the form.  As I do so, however, <u>all</u> of you should follow along on the questionnaire.  If the answer to any question is "yes," please use your pencil to circle the number of that question.  Do <u>not</u> write your name or make any <u>other</u> marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."

7

When I finish going through the questions with Juror Number One, I will ask Juror Number Two if he/she had any "yes" answers to the questions.  After Juror Number Two, I will do the same for Juror Number Three and so on.  After Juror Number One, however, I will <u>not</u> read the questions aloud.  That is why it is <u>very important</u> that you listen carefully the first time and that, <u>as I read each question</u>, you circle the number of the question if your answer is "yes."

With that, please turn to the questionnaire.


[Go to voir dire questionnaire]

S2 20cr84, United States v. Berry
Draft: September 15, 2021
Preliminary Remarks to be Read to the Jury

## **<u>Preliminary Instructions to the Sworn Jury</u>**

I.  <u>ORDER OF TRIAL</u>

Now that you have been sworn, let me give you some instructions about your duties as jurors.  At the end of the trial I will give you more detailed instructions, and those instructions will control your deliberations in this case.  But for now, let me explain how the trial will proceed.

The first step in the trial will be opening statements.  The Government will make an opening statement.  After that, I expect the lawyers for the Defendant to make an opening statement as well.  Those statements are not evidence.  They serve no purpose other than to give you an idea in advance of the evidence that the lawyers expect you to hear from the witnesses.  Those statements permit the lawyers to tell you a little bit of what the case is all about, but the only evidence comes from the witnesses and the exhibits.

After opening statements, the Government will present its evidence.  The Government's evidence will consist of the testimony of witnesses as well as documents and exhibits.  The Government will examine the witnesses, and then the Defendant's lawyers may cross-examine them.  Following the Government's case, the Defendant may present a case if he wishes.  Again, because of the presumption of innocence, the Defendant is not required to offer any proof.  If Defendant does present a defense case, the defense witnesses will testify, and the Government will have the opportunity to cross-examine them.

After the presentation of evidence is completed, the parties will deliver their closing arguments to summarize and interpret the evidence. Just as the parties' opening statements are not evidence, their closing arguments are not evidence either.

Following closing arguments, I will instruct you on the law. Then, you will retire to deliberate on your verdict, which must be unanimous and must be based on the evidence presented at trial. Your deliberations are secret. You will never have to explain your verdict to anyone.

Under the law, a defendant in a criminal case is presumed innocent and cannot be found guilty of the crimes charged unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant guilty beyond a reasonable doubt.

In a criminal case the burden of proof remains with the prosecution — the Government. For the jury to return a verdict of guilty, the Government must prove that the defendant is guilty beyond a reasonable doubt. A person charged with a crime has absolutely no burden to prove that he or she is not guilty, and if the defendant chooses not to present any proof, that decision cannot be held against him and may not enter into your deliberations at all. I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

II.    THE JUDGE'S AND JURY'S ROLE

Now, let me explain the jobs that you and I are to perform during the trial.  I will decide which rules of law apply to this case.  I will decide that by making legal rulings during the presentation of the evidence, and also — as I told you — in giving the final instructions to you after the evidence and arguments are completed.

In order to do my job, I may have to interrupt the proceedings from time to time to confer with the parties about the rules of law that should apply here.  Sometimes we will talk here, at the bench, outside of your hearing.  But some of these conferences may take more time than others, so, as a convenience to you, I may excuse you from the courtroom.  I will try to avoid such interruptions as much as possible, but please be patient and understand that these conferences are necessary to ensure the fairness of the trial.

While I decide the law that applies to this case, you, ladies and gentlemen of the jury, are the triers of fact.  You will weigh the evidence presented and decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of the charges in the indictment.  You must pay close attention to all of the evidence presented, and you must base your decision only on the evidence in the case and my instructions about the law.

III.   <u>WHAT IS AND ISN'T EVIDENCE</u>

What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or stipulations agreed to by the parties.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

Certain things are not evidence and must not be considered by you.  The following is a list of what is <u>not</u> evidence:

<u>First</u>, arguments, statements, and questions by the lawyers are not evidence.  Nor are statements I make or questions I ask of a witness.

<u>Second</u>, objections to questions are not evidence.  The lawyers have an obligation to make an objection when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by my rulings on them.  If the objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

<u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

<u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

IV.     EVALUATING THE EVIDENCE

There is no formula to evaluate testimony or exhibits.  For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.

The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness, before all evidence is before you.

You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

## V.    <u>RULES OF CONDUCT</u>

Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.  <u>First</u>, you must not talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  The reason for this requirement is that you must not reach any conclusion on the charges until all of the evidence is in.  As I have said, keep an open mind until you start your deliberations at the end of the case.

<u>Second</u>, do not communicate with <u>anyone else</u> about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on your cell phone, iPhone, Blackberry, text messaging, websites, internet chat rooms, email, social media websites or applications (including Facebook, Instagram, Twitter, LinkedIn, YouTube, Reddit, etc.) – or by any other means.  I know in this day and age there is temptation to look to these devices or means of communication, but with your oath you are making a commitment to resist that temptation.  You may tell your family and friends that you are a juror in a criminal case, but you may not tell them anything else about it until you have been discharged by me.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy, Ms. Williams, and to no one else.  Ms. Williams will report it to me.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the jury room for the duration of the trial day.  You should not linger in the public areas of the courthouse, on this floor or elsewhere on your way in and out.

Fourth, do not do any research or any investigation about the case or about anyone who has anything to with the case on your own.  Don't go visit any place described in the trial. Don't read or listen to or watch any news reports about the case.   Don't go on the internet or use whatever digital or communications device it is you use to see what you can learn to inform yourself about this matter.

Again, I know that in this day and age, there is temptation, but this rule is very very important.  That is because your decision in this case must be made solely on the evidence presented at the trial.  In other words, all that you need to know will be presented here in open court by the parties.  This is critically important to ensuring a fair trial – which I know that all of you would want if you were a party in this Court and I have no doubt is what you want for the parties who are here today.  I expect you to inform me immediately through Ms. Williams if you become aware of another juror's violation of these instructions.

Finally, each of you has been given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.   If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Whether or not you take notes, rely on your own recollections, and don't be influenced by the fact that another juror has taken notes.  If you do take notes, all notes must be left each day in the jury room.  Mr. Scott will make sure that they are secure.

From this point until the time when you retire to deliberate, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  In that regard, please understand that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  They are not being rude — they are simply following my instructions.

VI.    <u>CONCLUSION</u>

That concludes my preliminary instructions to you.  Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the Government.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.