```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
            -v-                                                   :     20-CR-84 (AJN)
                                                                  :
Ralph Berry,                                                      :     ORDER
                                                                  :
            Defendant.                                            :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/21

ALISON J. NATHAN, United States District Judge:

      The Court is in receipt of the Government's letter regarding whether the Court should advise the venire during voir dire that the death penalty is not an available punishment in this case. Dkt. No. 125. The parties also discussed this issue before the Court at the September 15 conference. Because the Court concludes that the issue is likely to arise and that a misconception regarding the death penalty's availability may especially impact a juror's ability to serve, and for the reasons stated in the Government's letter, the Court will advise the venire during voir dire that the death penalty is not a possible punishment in this case. Accordingly, the Court overrules the Defendant's objection to a proactive instruction in this regard. To the extent the Defendant at the September 15 conference requested that the Court also advise the venire that a conviction on Count III will result in mandatory life imprisonment, the Court rejects that request. *See e.g., Shannon v. United States,* 512 U.S. 573, 579, 586 (1994); *United States v. Pabon-Cruz,* 391 F.3d 86, 94–95 (2d Cir. 2004). However, the Court adjusted the language discussed at the September 15 conference so as not to wrongly suggest to the jury that the Court has any discretion to decide what penalty to impose since that is inaccurate if the Defendant is convicted of Count III.

Accordingly, attached are the Court's changes to the voir dire. The additions to pages 2 to 3 and changes to page 4 are highlighted.

SO ORDERED.

Dated: September 20, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

FINAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :
        -v-                                        :
                                                   :           S2 20cr84
RALPH BERRY,                                       :
                                                   :           VOIR DIRE
                     Defendant.                    :
------------------------------------------------------------------X
```

ALISON J. NATHAN, United States District Judge:

# **PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON**

# **THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A. <u>**Summary of the Case**</u>

Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection. As I told you a moment ago, however, nothing I say is evidence. Moreover, the Indictment is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. And the Defendant is presumed innocent. I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury. With those important principles in mind, here is the summary:

This case involves the June 21, 2000 shooting of a man at the McKinley Houses, which are located in the vicinity of East 161st Street and Tinton Avenue in The Bronx. The Government alleges that the shooting was related to a crack-cocaine distribution conspiracy and that the victim of the shooting later died as a result.

The defendant denies all charges in the indictment.

As I will instruct you in a few moments, the applicable penalties that the defendant faces if convicted is an issue for the Court and not the jury. The issue of possible punishment must not enter into your deliberations as to whether the Defendant has been proven guilty beyond a reasonable doubt. Nevertheless, recognizing that individual views on the death penalty may

==have an impact on your ability to serve as a fair and impartial juror, I want you to understand that the death penalty is NOT a potential punishment in this case.==

B.       **<u>Fundamental Principles</u>**

Now, let me start by describing a few fundamental rules of law that must guide all of us during this trial. I will ask you whether you have any hesitation or unwillingness to accept the rules of law and fundamental principles that I am about to describe.

As I have just told you, the charges in this case are contained in an indictment. The indictment itself is not evidence that a defendant is guilty or not guilty. It merely contains formal accusations. It does not affect in any way the presumption of innocence that the law gives every accused person at a trial.

A defendant is presumed to be innocent of the charges contained in the indictment, and this presumption of innocence remains in a defendant's favor at all times throughout the trial unless and until the Government proves every element of a particular charge beyond a reasonable doubt. If, after carefully considering all the evidence presented, and following the rules of law that I will explain to you, you have a reasonable doubt about the Defendant's guilt as to a particular charge, you must acquit the Defendant of the particular charge—that is, find the Defendant not guilty of that charge. If, however, after careful consideration of all the evidence presented, and following the rules of law that I shall explain to you, you have no reasonable doubt as to the Defendant's guilt as to a particular charge, then you must convict the Defendant of that charge—that is, find the Defendant guilty of that charge.

It is also an important principle of law that criminal defendants have the right not to testify. If the Defendant does not testify, you must not draw any inference against the Defendant based on that decision and that fact must not enter into your deliberations.

The function of the jury is to decide all questions of fact based on the evidence presented in Court. You who are chosen as jurors will be the only judges of the facts and nothing the Court or the lawyers say or do may in any way intrude on your role as exclusive fact-finders. Jurors are required to make their decisions solely on the basis of the evidence presented at trial or the lack of evidence, and not on the basis of conjecture, suspicion, sympathy, bias, or prejudice for or against any party.

When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether the Government has proven the Defendant guilty of the charges in the indictment beyond a reasonable doubt, according to my instructions.

==The applicable penalties that the defendant faces if convicted is an issue for the Court and not the jury. The issue of possible punishment must not enter into your deliberations as to whether the Defendant has been proven guilty beyond a reasonable doubt.==

C. **General Ability to Serve**

1. Would you have any difficulty following my instructions with respect to the fundamental principles I have just outlined?

2. Do you have any personal knowledge of the charges in the indictment as I have described it?

3. Have you read or heard anything about this case through the media, the internet, or through any other source?

4. Is there any reason you could not view and decide fairly and impartially a case involving the charges as I have described it?

5. This trial is expected to last approximately 2 weeks. Do you have any unmovable commitments that would interfere with your serving as a juror at a trial that is expected to last approximately 2 weeks?

6. Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

7. Do you have any difficulty understanding or reading English?

8. Do you have any medical problems that might interfere with your service as a juror in this case?

9. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

10. Do you have any religious or ethical beliefs that would prevent you from rendering a verdict?

**D.**     **Knowledge of Parties, Lawyers, Witnesses, Places, and Entities**

11. The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Audrey Strauss. Do you or does any relative or close friend know Audrey Strauss or anyone associated with her office?

12. Do you or does any relative or close friend know any of the following prosecutors or other individuals from the U.S. Attorney's Office who will be handling this trial?

    a. Assistant United States Attorney Dominic Gentile

    b. Assistant United States Attorney Jacob Fiddelman

    c. Assistant United States Attorney Adam Hobson

    d. Paralegal William Coleman

13. The prosecutors will be assisted by Special Agent Stefano Braccini of the U.S. Attorney's Office and Detective Gary Haber of the New York City Police Department. Do you know either Special Agent Braccini or Detective Haber?

14. Do you or does any relative or close friend know the Defendant Ralph Berry?

15. Do you or does any relative or close friend know any of the following defense attorneys representing Mr. Berry or other individuals assisting the defense?

    a. Mark DeMarco

    b. Jeremy Schneider

    c. Ezra Spilke

    d. Paralegal Mayerlin Ulerio

    e. Paralegal Dylan Schneider

16. Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

    a. Ralph Berry

    b. Caprice Jones

    c. Frank Lopez

    d. Rocky Cintron

      e.  Jesus Ortiz

      f.  LaShawn Paige

      g.  Guy Neal

      h.  Tarice Walker

      i.  Charlie Frazier

      j.  Neville Trotman

      k.  Tracy Jones

      l.  Rasheen Vega

      m.  Chad Vazquez

      n.  Dr. Jennifer Roman

      o.  Dr. James Gill

      p.  Michael Lowery

      q.  Vyacheslav Polosin

17.    Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, or myself?

18.    The following is a list of places that may be mentioned during the course of the trial. All are located in Bronx, New York:

      a.  McKinley Housing Development

      b.  765 East 163rd Street

      c.  751 East 161st Street

      d.  731 East 161st Street

      e.  East 161st Street and Tinton Avenue

      f.  East 156th Street and Jackson Avenue

      g.  169th Street and Liman Place

      h.  163rd Street and Intervale Avenue

      i.  156th Street and Forest Avenue

      j.  671 Westchester Avenue

19.    Do you have a familiarity with any of those places or entities that would interfere with your ability to be fair and impartial in this case and to decide the case based on the evidence presented in court?

**E.**    **Relationship with, and View of, Government, Defense and Others**

20.    Have you ever studied or practiced law or worked in any capacity for a law office?

21.    Have you or has a relative or close friend worked for or with any federal, state, or local law enforcement agency, such as the United States Attorney's Office for the Southern District of New York or the New York City Police Department (NYPD)?

22.    Have you or has a relative or close friend done work for or been associated with a criminal defense lawyer or private investigator?

23.    Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States?

24.    Do you have any views about the United States Attorney's Office for the Southern District of New York, the New York City Police Department, or any other law enforcement agency that would interfere with your ability to be fair and impartial?

25.    Do you have any views about criminal defense attorneys that would interfere with your ability to be fair and impartial?

**F.      Experience with, and Opinions of, Lawsuits, Crime, Legal Proceedings, Other**

26.     If you or any member of your immediate family has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

27.     Have you or any member of your immediate family ever appeared as a witness either at a trial or in a grand jury investigation?

28.     Have you or any family member or close friend ever been questioned in any matter by a federal, state, or local law enforcement agency?

29.     Are you or any family member or close friend under subpoena or about to be subpoenaed in a criminal case?

30.     Have you ever been a witness or a victim in any federal or state prosecution?

31.     Have you ever been a victim of a crime OR been a defendant in a criminal case?

32.     The witnesses in this case may include law enforcement witnesses, including employees of the US Attorney's Office and the New York Police Department.  Would you have any difficulty assessing the credibility of a law enforcement officer just like you would any other witness?

33.     You may hear testimony in this case from cooperating witnesses, who will be called to testify pursuant to agreements with the Government, and you may learn that they have participated in serious crimes.  Such cooperating witnesses hope to receive a reduction in their sentences as a result of their cooperation with the Government.  The use of testimony from cooperating witnesses is lawful and permitted. Do you have any views about the Government's use of cooperating witnesses that would influence your ability to evaluate this evidence fairly?

34.     You may hear evidence that other individuals, in addition to the Defendant, were involved in the alleged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable towards the Government or the Defendant from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Do you have any concern that you could not follow this instruction?

35.     You may hear evidence that involves the medical condition known as paraplegia, which is a kind of paralysis. Do you or a close friend or family member have experience with paraplegia that would interfere with your ability to be fair and impartial?

36.     You may hear evidence regarding the use and distribution of illegal drugs, in particular crack cocaine. Do you or a close friend or family member have experience with illegal drugs that would interfere with your ability to be fair and impartial?

37.     You may hear evidence relating to firearms. Do you or a close friend or family member have experience with firearms that would interfere with your ability to be fair and impartial?

38.     You may hear evidence relating to criminal enterprises or street gangs. Have you or a close friend or family member ever been a victim of a crime committed by a member of any street gang, or had any experience with a street gang, that would interfere with your ability to be fair and impartial?

**G.**     **Final Question**

39.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you would be able to serve conscientiously, fairly, and impartially in this case, and render a true and just verdict without fear, favor, sympathy, bias, or prejudice, and according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1. Please state your name and county of residence. Please list each county of residence during the past five years.

2. How old are you?

3. How far did you go in school? And what did you study?

4. What do you do and who is your employer? (If retired or unemployed, describe your last employment.)

5. How long have you been employed in your current position? If fewer than five years, where else did you work in the last five years?

6. Who are the members of your household and for whom do they work?

7. Do you have grown children? For whom do they work?

8. Have you ever served as a juror? If so, when did you serve and were you on a grand jury or a regular jury? If a regular jury, was it a civil or criminal case? Without indicating what the verdict was, did you reach a verdict? (**Do not tell us what the verdict was**.)

9. Where do you typically get news? For example, what print newspaper, magazines, television, radio show, podcast, or internet/app news site(s) do you read, watch, or listen to?