UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
    -v- : 20-CR-84 (AJN)
:
Ralph Berry, : ORDER
:
    Defendant. :
:
------------------------------------------------------------------------X

ALISON J. NATHAN, United States District Judge:

    Shortly after the Court began a second day of jury selection on September 22, 2021, the Court noticed that a court reporter was not present. The Court had spoken for only a few minutes without the court reporter present. Attached to this Order is the portion of the preliminary remarks read by the Court on September 22, 2021, when a court reporter was not present. The parties consented to this approach to complete the record. Transcript (Sept. 22, 2021), at 2.

    SO ORDERED.

Dated: September 23, 2021
       New York, New York

                                       ALISON J. NATHAN
                                       United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/21

S2 20cr84, United States v. Berry
FINAL
Preliminary Remarks to be Read to the Jury

I.   OPENING REMARKS RE COVID

On behalf of the judges of the United States District Court for the Southern District of New York and our Chief Judge, the Honorable Laura Taylor Swain, welcome to the Daniel Patrick Moynihan United States Courthouse.

The Federal Court in Manhattan has been in continuous operation for 231 years, through several wars, the Influenza Pandemic of 1918, the Great Depression, and the attack of September 11, 2001.  During the present pandemic, the Judges of the Court and their staff have continued to operate at the courthouse or remotely from their homes.  After a break between March and August last year, we resumed jury trials.  Since last September, we have conducted over 62 jury trials and done so safely.

Jury trials are part of the bedrock of American democracy.  Citizen jurors, not judges, decide the outcome of criminal and civil disputes.  This right to trial by jury is enshrined in the Sixth and Seventh Amendments to our Constitution.

Each of you have responded to the call to serve.  It is an important thing you have done.  You are sending the message that you want the cherished American institution of trial by jury to continue, even in the most challenging of times.

We as a Court have gone to great lengths to ensure your safety.  Persons entering the building, must complete an electronic questionnaire.  Those of you who serve on a jury will receive a face mask and other items.

Our witnesses will testify from a Plexiglass partitioned witness box with HEPA Filter, and lawyers will conduct examinations from a similarly equipped podium. All other participants, including the judge will wear a facemask at all times and maintain distance.

If you are selected to serve, you will be provided lunch each day, which you will be able to eat in an area with social distancing. You will not be in a regular jury room. We have reoutfitted large courtrooms to be used as jury rooms.

Our Clerks Office and District Executive Office have endeavored to think through every detail. We will ask you at the conclusion of the trial what we can do to make jury service more comfortable.

II.     GENERAL INTRODUCTION

Welcome to the United States District Court for the Southern District of New York. My name is Judge Alison Nathan, and I will be the judge presiding over this matter.

Thank you for being here. Jury service is one of the most important duties of citizenship, and our system of justice depends on citizens who are willing to meet their civic responsibilities. And so while I know that this may not be the most convenient time for some of you to be here, your presence is important, and we are grateful to all of you for being here. I value your time and one promise I will make you (and keep) is that I will keep the trains running smoothly and on time. If you listen carefully to my instructions and follow them, that will assist in us moving through this process efficiently.

You will receive a written questionnaire and a pencil. Please do <u>not</u> open this yet, read the questions or write anything on the questionnaire until I tell you to. I will give you some preliminary instructions first. I will then go over the list with you question by question. Please listen carefully.

We are here to select a jury to try a criminal case titled *United States v. Ralph Berry*. This trial is expected to last approximately two weeks.

Our purpose, as I am sure you know, is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side; and who will decide the case based only on the evidence that is presented in court during the trial. In order to do that, I am going to ask certain questions of you — questions about your personal background, your family, some of your beliefs and attitudes about certain matters, how you are employed, and so forth.

You should understand that my questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors, who can listen to the evidence with an open mind, and decide the issues in this case based only on the sworn testimony given in this courtroom, on whatever exhibits may be received in evidence, and on my instructions as to the law. The selection of such a jury is our goal at this point.

From your answers to my questions I will be able to determine whether you should be excused for cause — that is, for a good reason. Your answers will also allow the parties to make intelligent use of their peremptory challenges. Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

If you are excused from serving as a juror in this case, you will get your jury card and may be asked to go through the same process in a different case. If you are excused, do not consider that a reflection on you personally. This is all part of our system of justice, which is intended to provide all parties with a fair and impartial jury. You will have done your duty by your presence and your readiness to serve if chosen and your honest answers to my questions.

My questions to you, and your answers to them, are not evidence in this case.

Even though what you and I say here is not evidence, it is very important that you not say in open court anything about the parties in this case or about any other matter that might affect the open-mindedness and fairness of the other jurors. If there are any matters that you feel should be disclosed to me that might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them.

As I said, this is a criminal case. The charges against the Defendant are set forth in an indictment. An indictment is a formal method of accusing a defendant of a crime. It is not evidence of any kind. It is the Government's burden to establish a defendant's guilt beyond a reasonable doubt. I will instruct the jury on what this burden of proof means after the evidence is presented.

The Defendant has pled "not guilty" to the indictment. That is, he has denied the charges made by the Government. The accusations, and the Defendant's denials of those accusations, raise issues of fact that must be decided by a jury on the basis of evidence that will be presented in court. Unless and until the Government proves the Defendant's guilt by competent evidence beyond a reasonable doubt, the Defendant is presumed to be innocent of the charges contained in the indictment.