USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ralph Berry,

                              Defendant.

20-cr-84 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

The Court has received the attached letter from Defendant Ralph Berry, filed *pro se*, dated October 25, 2022, in further support of his supplemental post-trial motions. As the Court indicated in its orders dated September 27, 2022, and October 6, 2022, because Mr. Berry continues to be represented by counsel, his filings with the Court must be submitted through counsel. Dkt. Nos. 175, 179. Accordingly, the Court will not consider the attached letter. Mr. Berry's reply in support of his supplemental motion, to be filed by counsel, remains due on November 3, 2022. Dkt. No. 179.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Berry at MDC Brooklyn and to note the mailing on the docket.

        SO ORDERED.

Dated: November 1, 2022
         New York, New York

_____
        ALISON J. NATHAN
        United States Circuit Judge,
        sitting by designation

TRULINCS 60431054 - BERRY, RALPH - Unit: BRO-K-B

---------------------------------------------------------------------------------------------------

FROM: 60431054
TO: Berry, Raven; Cafee, Legal; D, M; Griffith, S
SUBJECT: Supplemental  Reply Brief Part 1
DATE: 10/25/2022 06:53:44 PM


UNITED STATES DISTRICT COURT
SOUTHERS DISTRICT of NEW YORK
-----------------------------------------
United States of America
              v.                              S2 20 cr. 84
        Ralph Berry
                 Defendant
-----------------------------------------


            Comes now Ralph Berry pro se respectfully moves the court to supplement his rule 29/33 motion as previously filed.


                                    Preliminary Statement
Berry filed a Supplemental  Rule 29/33 motion pertaining to breach of plea of his 2009 plea agreement. This letter motion is in
response to the government's opposition brief.

                                         Background
     On 8/19/2021 Ralph Berry (Berry") was charged in a superseding indictment (S2 20cr.84)(AJN) with ordering a shooting that
caused the death of Caprice Jones on or about June 21, 2000. The indictment charged (count 1 ) U.S.C. 18 924(J) ; (count 2)
U.S.C. 21 848 (e)(1)(A) ; (count 3) 1959(a)(1). Berry was found guilty of all 3 counts on Sept. 28 2021. At the close of the
government's evidence Berry moved pursuant to Rule 29/33 for a judgment of acquittal or a new trial.. On Feb. 28 2022 the
Court heard oral arguments on a year and a day rule raised by defense. At the oral argument Berry's counsel informed the court
that Berry believed that his 2009 Plea Agreement had been breached in the filing of the charges in the instant indictment.
Counsel let the court know ,that Berry had made him aware of this issue a while ago. The Court  stated that it  was the first time
hearing this matter and asked counsel if he planned to address the issue, he would have to allow the government a chance to
respond. Counsel informed the court that he would pay Berry a visit in a week and then proceed with the matter.(Tr. Feb 28 ,
2022 Oral Argument). Defense counsel 's visit never transpired and Berry proceeded to file the supplemental motion in front of
the court, arguing a breach of his 2009 plea agreement.

A. Timeliness of Motion
Applicable Law- Motions for a judgement of acquittal / new trial

     Motions for a judgement of acquittal must be filed within 14 days  of the jury's verdict. see Fed. R. CRIM.P. 29.The Court
can extend t file must do so retroactively upon a finding of excusable neglect."supplemental.45(b)(1)(B). Rule 33 must be read
in conjunction with Fed.R.Crim.P. 45 which provides that "[w]hen an act must or may be done within a specific period ,the
Court ...may extend the time ...an a party's motion made...after the time expires if the party failed to act because  of excusable
neglect"Fed .R. Cr. P. 45(b) See advisory committee notes 2005 Amendments of Rule 33("[u]nder Rule 45 (b0(10(B) if for some
reason the defendant fails to file the underlying motion for new trial within the specified time the court may nonetheless consider
that untimely underlying motion if the court determines that failure to file it on time was the result of excusable  neglect"); United
States v. Robinson ,430 F.3D 537,541(2d cir.2005)("The time limitations  specified in Rule 33 are read in conjunction with Rule
45,which establishes how to compute and extend time")
     In Pioneer Inv. Sev. Co. v. Brunswick Assocs. Ltd.. Partnership,507 U.S. 380,113S.Ct. 1849,123Led.2d74(1993),the
SUPREME court construed the phrase(excusable neglect" as it is used in Rule 9006(b)(1) of the Federal Rules of Bankruptcy
Procedure:
     The ordinary meaning of "neglect" is "to give little attention or respect" to a matter,or,closer to the point for our purposes,"to
leave undone or unattended esp[ecially] through carelessness".The word therefore encompasses both simple,faultless
omission to act and , more commonly, omissions caused by carelessness...Hence forth empowering the court to accept the late
filings"where the failure to act was the result of excusable neglect," Congress plainly contemplated that the courts would be
permitted ,where appropriate, to accept late filings"caused by inadvertence,mistake ,or carelessness,as well as intervening
circumstances beyond the party's control. see United States v. Richard Munoz 605 F.3d 359 (Thus ,the district court did not not
abuse its discretion in concluding that defendant's delay in filing was the result of excusable neglect)quoting Pioneer Inv. Co. v.
Brunswick Assocs. Ltd.P'ship 507 U.S 380,395 113 s.Ct.1489,123 Led.2d 74 (1993).

                                          (1)

TRULINCS  60431054 - BERRY, RALPH - Unit: BRO-K-B

--------------------------------------------------------------------------------------------

Berry points out that there is excusable neglect sufficient to grant the supplemental rule 29/33 in front of the court. Counsel's carelessness in handling the breach of plea issue raised by Berry and not addressing the the issue and leaving it undone left Berry to file supplemental motion on his own. With the intervening circumstances of the prison here at M.D.C. Brooklyn with all the lockdowns and Covid restrictions and (quarantines ) left Berry with the inability to to put forth the motion in a timely manner and was beyond his control. When Berry questioned counsel as to what was the reason for not addressing the matter and amending the Rule 29/33 motion he simply replied " I do not know why? As stated above on Feb. 28th 2022 counsel made the court aware that Berry had mentioned the breach issue 'a while ago' Berry then went forward ond filed the motion pro se.

Defendant's sentence is currently adjourned on the basis of this motion and because a judgement has not been entered in defendent's case, there is little prejudice to the government and no adverse impact on the court's proceeding if the defendant's belatedly filed motions considered.(see )United States v. Frank Caraballo 2014 U.S. Dist.. Lexis 96325 (see also) United States v. Frederick , 868 F.Supp 2d 32,44-45(E.D.N.Y. 2012) finding excusable neglect despite two-year delay in filing Rule 33 motion for a new trial because of "the lack of prejudice to the government,"the minimal disruption of prejudgment proceedings,"and the fact that adjudication of defendant's...claim at this juncture would be the most efficient resolution of defendant's claim").Courts in the Second Circuit have previously granted Supplemental Rule 29/33 motions for defendants who have previously filed these motions and even after denial ,and with there having no motion in front of the court ,have still addressed Supplemental Rule 29/33 motions. United States v. Antonio Guerrero 52 f.Supp 3d 643 ("..on April 2,2012 Guerrero who had no Rule 29/33 motion pending at the time , filed another supplemental Rule 29/33 motion ...after holding an evidentiary hearing and reviewing submissions...)id.

The government argues that there would be unwarranted delay in prompt resolution of [the] case and would cause undue prejudice to the victim's family . Berry respectfully points out that his conviction stems from a shooting which the government was well aware of at least 15 yrs. before filing of the indictment . Now, the government would have the court believe that taking time out to reconsider the motion would cause undue prejudice to victim's family. The court has stated in there Order that after the motion is ruled on, sentencing if necessary, will proceed immediately. Petitioner humbly states that he is not trying to cause any undue prejudice but in fact is asking for judicial fairness on his behalf.

Breach of Plea Agreements

Applicable Law-  The Second Circuit Court of Appeals review of a plea agreement is not limited to its four corners ,(United States v. Graves 374 F.3d 80,84(2d. Cir..2004) and it construes them strictly against the government.(United States v. Vaval,404 F.3d 144,152 (2d.cir. 2004). Conduct in negotiating plea agreements must comport to the highest level of standards and fairness. Because such agreements involve waivers of such constitutional rights , prosecutors are held to meticulous standards of performance . When a plea rests on any significant degree on  a promise or agreement of the prosecutor so that it can be said to be part of inducement or consideration, such a promise must be fulfilled. Santabello v. New York, 404 U.S. 257,262, 92 S.Ct. 495, 30 Led.2d 427 (1971) see also United States v. Carbone 739 F.2d 45,46 2d. Cir..1984(once a plea actually is entered and was induced by a prosecutor's promise ... that promise must be fulfilled. "The prosecutor's Office is an entity and as such it is the spokesman for the government. A promise by one attorney must be attributed... to the government". Giglio v. United States ,405, U.S. 150,154,92 S. CT. 763, 31 Led 2d104(1972)(citing Restatement (second)of Agency 272).The Office , like all prosecutor's offices carried the burden of "insur[ing] communication of all relevant information an each case to every lawyer who deals with it".id.

Berry points out to the court that in 2009 he entered into a plea agreement with the S.D.N.Y. The agreement was based on Berry's entering a plea of guilt in exchange for a promise of the government "not to further prosecute ...for his participation in a conspiracy from 1995-2007. This agreement was entered days before trial in accordance with the disposition of the matter. The agreement was understood by Berry , the court , defense counsel to mean that Berry was immunized for his conduct pertaining to his involvement in the alleged conspiracy. A day before the signing of the plea agreement in question , Berry was offered another plea that would not have immunized him from further prosecution of the conspiratorial conduct. Berry rejected that plea and insisted that he be allowed to plead guilty to the entire indictment including inter alia the conspiracy from 1995-2007. Believing that this would prevent the government from bringing further charges on this count. Defense counsel at sentencing made the court aware of just that .(sent. tr. Mar 19,2009).

The government argues that there is nothing in the text of the 2008 Plea Agreement that it was the intent of the parties to prohibit the government from prosecuting Berry for a murder that had not yet come into fruition and not referenced in the plea agreement. This argument although plausible is totally misleading.  Berry points out as stated above the Second Circuit Court of Appeals itself has let the courts know that a plea agreement is not limited to its four corners. The presentations in front of the court at the present time will clearly show that the shooting of Caprice Jones on June 21,2000, was "inextricably intertwined" and "necessary to complete the story  of the conspiracy. (gov't motion inlimine 2008) id;(P.S.R. 2OO9) (consideration of parol evidence may be permissible in the context of evaluating potential breaches of plea agreement.(United States v. Feldman 939 F.3d 182,189(2d.cir.2019).The government made clear in 2009 that the evidence at trial if the case were to proceed  would in

(2)

TRULINCS  60431054 - BERRY, RALPH - Unit: BRO-K-B

--------------------------------------------------------------------------------

fact have  been Berry's ordering of a shooting that left Caprice Jones paralyzed, his "handing  a gun to Lopez", and ordering him to "take care of business". The exact elements used to bring forth the 2020 indictment/conviction.

The 2009 plea agreement barred prosecution , as the cited provision on page 2 states, ..."will not further prosecute." United Staes v. Thomas Prousalis 2018 U.S Dist LEXIS 120736 (the cited provision of the plea agreement bars procurement of a new indictment arising out of the same conduct). The government has cited cases in there opposition brief that are atleast in part based on double jeopardy , multiplicity and CCE offenses .At the outset of these proceedings Berry raised a Double Jeopardy issue which the court although not ruling on the merits, stated that the Double Jeopardy claim was frivolous Berry has now addressed the court with a breach of lea issue. (Breach of plea agreement and and Double Jeopardy are seperate , and in, particular where jeopardy has not attached , the former may prove more successful(see Vaughan 715 F,2d at 1377. The breach of plea defense depends not on double jeopardy standards but on the language used in the plea agreement, subject to strict ...interpretation.id.

TRULINCS 60431054 - BERRY, RALPH - Unit: BRO-K-B

---------------------------------------------------------------------------------------------------------------

FROM: 60431054
TO: Berry, Raven; Cafee, Legal; D, M; Griffith, S
SUBJECT: Supplemental Reply Brief Part 2
DATE: 10/25/2022 06:53:33 PM


In United States v. Romero 967 F.2d 63 the court concluded  (in order to convict Romero it must demonstrate that every element of the offense happened after the date of the plea").(967 F.2d 63,67).  Berry makes clear that every element used to prosecute him on  2020 indictment occurred before to the 2009 plea agreement  contrasting the conclusion in the Romero case.

    The government points out that (Congress intend[ing] 848 and Rico violations, to be separate offenses from there underlying predicate offenses.  Berry  was not charged for his participation in a  continuing criminal enterprise, but under  848 (e)(1)(a), that states "any person engaged in an offense under section 841(b)(1)(a)...who intentionally kills...).  The  cases cited by the government are based on  ("...any person engaging in or working in furtherance of continuing criminal enterprise...).see Garrett vs. United States 85 Led 2d 764(Prosecution for a continuing criminal enterprise (CCE) offense under.. 848(a)...held not barred by the double jeopardy clause). Berry points out the 841(b)(1)(a) offense, ,  underlying  the 848(e)(1)(a) count in his case is the same conspiracy previously pled to and  barred by the 2009 agreement, and is an element of the crime that had to be proven by the jury. The conspiracy as well as Berry's , participation in it .

    (Berry has  made the court aware, that the drug amount to which he pled guilty to in the2009 conspiracy was under a statute of 50 gr.or more. In 2018, under The First Step Act the  statute was changed to 280gr. or more, in accordance with the Act . The government has now increased the  drug amount for this same conspiracy   to 280gr.-to bring forth their 848(e)(1)(a) count. Berry was granted The First Step Act in 2019 because of the change of law. Now this same conspiracy which was barred from being further prosecuted has now been used with an increased drug amount and used as the underlying drug offense to bring forth the 2020 conviction an used as an element to prove the case at trial. Violating the governments agreement in 2009).

    The following cases  cited by the government are also in contrast  . The Boyle case cited by the Government is a multiplicity issue , where the defendant was charged under (18 usc 1962) racketeering count and a illegal payment count there the court held that "there was no multiplicity in convicting  and sentencing appellant  consecutively on racketeering and illegal payment counts. United States v. Boylan 620 F.2d 359.  Berry has not raised a multiplicity  or double jeopardy argument. Though the government cites congress's intent in convicting those under Rico and 848 offenses, it could be sure that Congress did not intend that  a plea agreement should be breached in bringing forth subsequent convictions.

    In United States v. Rodriguez (19 cr.779(AKH) the court concluded ("the 2019 indictment allege[d] that the defendant engaged in murder on behalf of the Beach Ave. crew, while the 2016 indictment and plea addressed crimes committed  on behalf of the BMB gang , a distinct organization operating principally in different parts of the Bronx.      Unlike the case cited above the shooting of Caprice Jones on June 21st 2000 was encapsulated in the 2009 agreement, the 2020 indictment charged the same shooting of Caprice Jones, there was no distinct organization. The same drug conspiracy alleged in the 2009 agreement is the same conspiracy that the government used in 2020 to underlie the counts, the drug conspiracy that was alleged that Berry participated in the Bronx N.Y. in the McKinley Housing Projects for 12 yrs.

    In United States  v. Burrell (19 cr.643) citing United States v. Rodriguez (at least one other Court in this district recently came to the same conclusion  when faced with an almost identical argument . In Rodriguez no. 19 cr. 779,2020 U.S.Dist LEXIS 181035, 2020 WL5815903(S.D.N.Y. Sept.30 2020).The defendant moved to dismiss the indictment based on the terms of his plea agreement in a prior case...but like here, "[the later ] indictment alleges  that defendant engaged in murder on behalf of ...a ..distinct organization principally in different parts of the Bronx." 2020 U.S.Dist. LEXIS 181035 at *10.

    Berry's representations that  he has provided  to the court make clear that the shooting of Caprice Jones  was conduct that the government was prepared to prove as direct evidence and was encapsulated in the 1995-2007 conspiracy  which now underlies this conviction .Distinguishing the two cases above from the case at hand. The government cannot have one to believe in spite of all the presentations in front of the court that Jones shooting was a discrete and separate act. IN United States v. Samuels the court concluded  and the government conceded  ("the government cannot prosecute ...for any conduct known to the government at the time of the plea agreement"). U.S.v. Samuels 05 cr. 230 (TCP) Oct.16th 2009.

    In closing Berry would like to point out that the government's argument is a bit misleading. First the argument before the court is whether or not the government has honored the promise not to further prosecute Berry for his participation ( the part he played) in a conspiracy that lasted 12 yrs. in the McKinley houses in the Bronx, NY. We must first look at the conduct in question , that is barred from further prosecution, the shooting of Caprice Jones was part of that conduct charged in the 2009 plea agreement- where the record shows that the government was ready to prove this shooting at trial in 2009 before entering into an agreement with Berry which immunized him from this conduct. The 2020 indictment charged Berry with this same exact conduct his ordering of a shooting on June 21 2000 that left Jones paralyzed and which caused his death. The same exact shooting encapsulated in the 2009 agreement which the government promised not to prosecute . At trial the governments evidence consisted of Berry's plea allocution in 2009, for the conspiracy from 1995-2007, this conduct was barred by the 2009 plea agreement .The government's case was based on all the conspiratorial conduct of the 2009 agreement.

    For the reasons stated above Berry humbly and respectfully, asks the court to grant his motion.

(4)

TRULINCS  60431054 - BERRY, RALPH - Unit: BRO-K-B

------------------------------------------------------------------------------------------------

                                    x-------------------------------

    October 25, 2022                      Ralph Berry

Date ----------------------        x-------------------------------------

(5.)

Ralph Berry #60431-054
Metropolitan Detention Center, Brooklyn
PO Box 329002
Brooklyn, N.Y. 11232

CLERK of COURT
United States District Court
Southern District of New York
U.S. Courthouse - 500 Pearl Street
New York, N.Y. 10007



RECEIVED
OCT 3 1 2022
CLERK'S OFFICE
S.D.N.Y.

Crim Dkt
EN

