USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

–v–

Ralph Berry,

Defendant.

---

20-cr-84 (AJN)

OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Defendant Ralph Berry was convicted by a jury of three counts on September 28, 2021. The Court subsequently granted in part and denied in part Berry's motion for a judgment of acquittal and set aside his conviction on one of the counts. Now before the Court is Berry's supplemental post-trial motion arguing that his remaining convictions should be set aside because the Government was barred by a prior plea agreement from prosecuting him for the crimes of conviction. For the following reasons, the motion is DENIED.

## BACKGROUND

As is set out more fully in an earlier Opinion and Order in this case, the Government's proof at trial established that Berry was the leader of a drug crew that sold crack cocaine in and around the McKinley Houses in the Bronx, New York, during the 1990s and into the early 2000s, and engaged in violence to protect that operation. *See United States v. Berry*, No. 20-CR-84 (AJN), 2022 WL 1515397, at *1–3 (S.D.N.Y. May 13, 2022) (Dkt. No. 163). This violence included a shooting ordered by Berry on June 21, 2000, that ultimately resulted in the death of Caprice Jones. *Id.* at *1. Although the bullet that struck Jones left him paralyzed, Jones survived for another ten years, and "ultimately died on November 21, 2010, of septic

complications of paraplegia due to the gunshot wound on June 21, 2000." *Id.* at *3 (quotation marks omitted).

## I.     Prior Prosecution

In 2007—prior to Jones's death—Berry was indicted on narcotics charges. *See* Indictment, *United States v. Berry*, No. 07-CR-868 (PAC) (S.D.N.Y. Sept. 12, 2007), Dkt. No. 1. In November 2008, Berry pled guilty to Counts One, Two, and Three of the superseding indictment—narcotics conspiracy from in or about 1995 through April 2007, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and distributing and possessing with intent to distribute crack cocaine on individual dates within the conspiracy time period, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B)—pursuant to a plea agreement (the "2008 Plea Agreement").  Dkt. No. 174 ("Berry Mot."), at 3, 21–22.[1]  The 2008 Plea Agreement provided:

> In consideration of the defendant's pleas to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for his (1) participation in a conspiracy to distribute, and possess with intent to distribute, 50 grams and more of "crack" cocaine from in or about 1995 through in or about April 2007, as charged in Count One of the Indictment; (2) possession with intent to distribute, and distribution, of approximately 6.7 grams of "crack" cocaine, on or about July 29, 2005, as charged in Count Two of the Indictment; and (3) possession with intent to distribute, and distribution, of approximately 94.7 grams of "crack" cocaine on or about April 11, 2007, as charged in Count Three of the Indictment.

*Id.* at 22. Berry was sentenced by the Hon. Paul A. Crotty to 252 months' imprisonment followed by ten years of supervised release. Judgment, *Berry*, No. 07-CR-868 (PAC) (S.D.N.Y. Mar. 20, 2009), Dkt. No. 43. In 2019, Judge Crotty granted Berry's motion for a sentence

---

[1] Because this document uses inconsistent pagination, citations are to the page numbers automatically generated by the Court's electronic case filing ("ECF") system.  Unless otherwise noted, all docket references are to 20-CR-84.

2

reduction under the First Step Act and reduced Berry's sentence to time served followed by eight years of supervised release. *See United States v. Berry*, No. 07-CR-868 (PAC), 2019 U.S. Dist. LEXIS 225706, at *10–11 (S.D.N.Y. Oct. 31, 2019).

## II.     Current Prosecution

In January 2020, Berry was indicted in the current prosecution on two counts related to the June 21, 2000 shooting of Jones and his subsequent death in 2010 from complications related to the shooting injury. Dkt. No. 2. Count One charged Berry with murder through use of a firearm, in violation of 18 U.S.C. § 924(j)(1), while Count Two charged him with killing while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A). *Id.* at 1–2. A superseding indictment on August 19, 2021, subsequently added Count Three, charging Berry with murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). *See* Dkt. No. 94. Each count also charged Berry with aiding and abetting or willfully causing the offense under 18 U.S.C. § 2. *See id.*

In August 2020, the Court received a *pro se* filing from Berry raising arguments based on the 2008 Plea Agreement, which the Court construed as a motion to dismiss the indictment on Double Jeopardy and sufficiency of the evidence grounds under Rule 12 of the Federal Rules of Criminal Procedure. *See United States v. Berry*, No. 20-CR-84 (AJN), 2020 U.S. Dist. LEXIS 178707 (S.D.N.Y. Sep. 28, 2020) (Dkt No. 45); Dkt. Nos. 39, 44. Berry asserted that he pled guilty in the prior proceedings "based on a plea agreement" that he "was led to believe would immunize him from any further prosecution related to the conspiracy charge." Dkt. No. 44 at 2.[2]

---

[2] Because this document uses inconsistent pagination, citations are to the page numbers automatically generated by the ECF system.

3

Because Berry was represented by counsel, the Court forwarded the filing to defense counsel, who "subsequently notified the Court that Mr. Berry insisted that the Court rule on the merits of his letter motion." *Berry*, 2020 U.S. Dist. LEXIS 178707, at *1. The Court denied that request, explaining that "it will only consider filings made through counsel" because a criminal defendant "has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations." *Id.* at *2 (quoting *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016)). The Court further explained that even if it "reached the merits of the Defendant's *pro se* motion, it would be denied," because "[t]o the extent the Defendant is asserting a Double Jeopardy argument, it is frivolous" and "to the extent the Defendant is making an argument based on insufficiency of the evidence, it is also meritless and premature." *Id.* "Defendant is on notice," the Court explained, "that all future motions must be made by defense counsel or will be summarily denied." *Id.* at *2–3.

Berry's deadline for filing pretrial motions was set for April 15, 2021. Dkt. No. 66. On April 14, 2021, Berry moved to dismiss the indictment on unconstitutional pre-indictment delay grounds. Dkt. No. 75. Although his motion referenced the 2008 Plea Agreement, Dkt. No. 76 at 18–19, he did not argue that the current prosecution violated the 2008 Plea Agreement's terms. The Court denied Berry's motion to dismiss on June 29, 2021. *See United States v. Berry*, No. 20-CR-84 (AJN), 2021 WL 2665585 (S.D.N.Y. June 29, 2021) (Dkt. No. 85).

Trial commenced on September 21, 2021. At the close of the Government's evidence, Berry moved for a judgment of acquittal pursuant to Rule 29 on all counts, and the Court reserved decision pending post-trial briefing. Trial Tr. at 513–20.[3] The jury unanimously

---

[3] The trial transcript is located at Dkt. Nos. 138, 140, 142, 144, 146, and 148.

4

convicted Berry on all three counts on September 28, 2021. Dkt. No. 135. The deadline for Berry's post-trial briefing was set for October 28, 2021. Dkt. No. 137. That day, Berry moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, or in the alternative for a new trial under Rule 33. Dkt. No. 152. Berry argued that there was insufficient evidence of an enterprise to support a conviction on Count Three; that the convictions under Counts One and Two must be set aside because 18 U.S.C. § 924(j) and 21 U.S.C. § 848(e), respectively, incorporated the "year-and-a-day rule" aspect of the common-law definition of murder; and, in the alternative, that a new trial was warranted because his conviction was against the weight of the evidence. Dkt. No. 153. Berry's motion made no reference to the 2008 Plea Agreement.

The Court conducted oral argument on Berry's post-trial motions on February 28, 2022. At the close of argument, defense counsel for the first time raised the possibility of seeking to make additional arguments based on the 2008 Plea Agreement:

> MR. SPILKE: Judge, Mr. Berry brought to my attention a couple of weeks ago, and it is my fault for not bringing it to the Court's attention earlier, but there is another matter that he would like to brief and that we are discussing with him about whether the government breached its plea agreement with Mr. Berry back in I think 2007, 2007. The plea agreement gave him coverage for any drug -- they wouldn't further prosecute him for any -- any further for the conspiracy to distribute drugs from 1995 to 2007. That conspiracy formed an element of both the Count One and Count Two, so we are exploring with him whether to file a supplemental brief with the Court's leave. I realize it is out of time. But if the Court would give us some time to speak to him about it, perhaps a week, and then we could write to the Court about what our application is.

Dkt. No. 161 at 24–25. The Court directed defense counsel to confer with the Government and seek consent to file out of time in the event Berry decided to proceed with these arguments. *Id.* at 25. No such filing was made prior to entry of the Court's Opinion and Order resolving Berry's post-trial motions on May 13, 2022. *See Berry*, 2022 WL 1515397.

5

In that Opinion, the Court granted in part and denied in part Berry's motions. Specifically, the Court granted Berry's motion for a judgment of acquittal on Count One "because 18 U.S.C. § 1111 incorporated the common-law year-and-a-day rule, and the death of the victim in this case occurred ten years after the actus reus," but denied the remainder of Berry's requested relief. *Berry*, 2022 WL 1515397, at *12. The Court initially scheduled sentencing for September 9, 2022, Dkt. No. 164, later adjourned at the parties' request to October 14, 2022, Dkt. No. 171.

On September 26, 2022, however, approximately three weeks before sentencing, the Court received a letter-motion from Berry, filed *pro se* and dated September 16, 2022, requesting leave to file an attached *pro se* motion "to supplement or renew his Rule 29/33 Motion as previously filed." Berry Mot. 3. The letter-motion indicated that although defense counsel had raised the possibility of additional arguments based on a breach of the Plea Agreement at oral argument, counsel "inadvertently forgot to proceed with" visiting Berry "or the issue and the rule 29/33 motion was decided without this matter being addressed." *Id.* at 1–2. The next day, the Court issued an order explaining that Berry "is represented by counsel and unless and until the Court relieves counsel, all communications with the Court must come through counsel." Dkt. No. 175. The Court directed defense counsel to "indicate whether he intends to file an application pertaining to the relief Mr. Berry seeks." *Id.*

On September 29, 2022, defense counsel filed a letter stating that "the factual assertions set forth by Mr. Berry in his letter to this Court are, in substance, correct" and that "Counsel now seeks leave to adopt Mr. Berry's *pro se*, supplemental Rule 29 motion." Dkt. No. 176. On October 5, 2022, the Government filed a response explaining it did not "oppose counsel's request

6

to adopt this single filing" given the totality of the circumstances, but arguing that Berry's supplemental motion should be summarily denied as untimely and meritless. Dkt. No. 178 at 1. The next day, the Court adjourned sentencing, granted defense counsel's request to adopt Berry's *pro se* submission as unopposed, and set a briefing schedule on Berry's supplemental motion, but emphasized that Berry's reply was to be filed "*through counsel*." Dkt. No. 179. Nevertheless, on November 1, 2022, the Court received Berry's reply, dated October 25, 2022, which was drafted and filed *pro se*. *See* Dkt. No. 181. The Court again explained in an order that day that "because Mr. Berry continues to be represented by counsel, his filings with the Court must be submitted through counsel" and "[a]ccordingly, the Court will not consider" Berry's *pro se* filing. *Id.* at 1.

Two days later, defense counsel filed a letter enclosing the same *pro se* reply brief "that Mr. Berry insists be filed on his behalf." Dkt. No. 182 ("Berry Reply"), at 1.[4] "It is Mr. Berry's position," the letter continued, "that, if representation by counsel precludes consideration of these arguments, he will exercise his right to represent himself." *Id.* The Government filed a response on November 10, 2022, urging the Court not to permit Berry to file his reply *pro se*. Dkt. No. 185.

## DISCUSSION

In his filings, Berry argues that the terms of the 2008 Plea Agreement bar the Government from prosecuting him for the crimes of conviction in the current prosecution. For the reasons that follow, the Court concludes that Berry's arguments must be denied as untimely,

---

[4] Because this document uses inconsistent pagination, citations are to the page numbers automatically generated by the Court's ECF system.

and, in any event, are unavailing.

At the outset, the Court declines to consider Berry's *pro se* reply brief. The Court has repeatedly made clear throughout this litigation that a criminal defendant "has no right to 'hybrid' representation," *Rivernider*, 828 F.3d at 108; *accord United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996), and that Berry would not be permitted to proceed in such manner. Courts routinely refuse to consider pro se submissions in analogous situations. *See, e.g.*, *United States v. Rivera*, 89 F. Supp. 3d 376, 402 n.20 (E.D.N.Y. 2015), *aff'd sub nom. United States v. Garrett*, No. 17-59, 2022 WL 2979588 (2d Cir. July 28, 2022) (summary order); *United States v. Muyet*, 985 F. Supp. 440, 440 (S.D.N.Y. 1998). Although the Court granted as unopposed defense counsel's request to deem Berry's initial supplemental post-trial filing as being adopted by counsel, the prudential factors providing support for that action do not apply to Berry's reply brief, substantially for the reasons stated by the Government in its November 10, 2022 letter. Dkt. No. 185. Indeed, in setting the briefing schedule on Berry's motion, the Court specifically reiterated that Berry's reply must be filed "*through counsel*." Dkt. No. 175. However, even if the Court were to consider Berry's reply, it would not impact the Court's conclusions on timeliness or the merits.

## I. Timeliness

First, the Court denies Berry's supplemental motion as untimely. Although Berry styles his motion as being under Rule 29 or Rule 33 of the Federal Rules of Criminal Procedure, the arguments he raises—that the Government is bound by the 2008 Plea Agreement not to prosecute him for the crimes charged in the current prosecution—are properly brought prior to trial under Rule 12. Rule 12(b)(3) provides that defenses and objections raising "a defect in

instituting the prosecution" "*must* be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3) (emphasis added); *see* Fed. R. Crim. P. 12 note (listing within the purview of Rule 12 "all defenses and objections which are capable of determination without a trial of the general issue" including, *e.g.*, "immunity"). Rule 12(b)(3) thus encompasses the arguments Berry now raises. *See United States v. Gogarty*, 533 F.2d 93, 95 (2d Cir. 1976) ("[A]ny claim that the prosecution was barred by the earlier [deferred prosecution] agreement should have been raised prior to trial under F. R. Crim. Proc. 12(b)."). Rule 12(c)(3), in turn, provides that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely"; "[b]ut a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "This requirement serves a number of purposes, including sparing the court, the witnesses, and the parties the burden and expense of a trial, and insuring that indictments are not routinely challenged (and dismissed) after the jury has been seated and sworn, a result that would . . . force courts frequently to confront complex Double Jeopardy questions." *United States v. O'Brien*, 926 F.3d 57, 82 (2d Cir. 2019) (cleaned up).

There is no dispute here that the grounds for Berry's present motion—the text of the 2008 Plea Agreement—were reasonably known to Berry and his counsel as soon as the indictment in the instant prosecution was filed and that these arguments could be resolved without a trial on the merits. Indeed, acting *pro se*, Berry attempted before trial to raise related arguments on Double Jeopardy grounds. *See* Dkt. Nos. 39, 44. The counseled Rule 12 motion Berry ultimately filed, however, despite referencing the 2008 Plea Agreement, did not raise the breach-of-agreement arguments he raises now, focusing instead on an unconstitutional pre-indictment delay theory.

9

*See* Dkt. No. 76. Berry's deadline for filing pretrial motions passed on April 15, 2021. Dkt. No. 66. His *pro se* letter-motion seeking leave to file his supplemental motion was dated September 16, 2022, Berry Mot. 1, approximately 17 months later. Accordingly, "[a]bsent a showing of good cause," his breach-of-plea-agreement "claims are waived." *United States v. King*, 861 F. App'x 490, 493 (2d Cir. 2021) (summary order).

Berry does not even attempt to make a showing of good cause under Rule 12, which is, standing alone, fatal to his arguments. "Second Circuit case law seems fairly clear that under Rule 12, as amended in 2014, a party's failure to raise a 12(b)(3) issue before trial constitutes a complete waiver of that issue absent a showing of good cause, such that a court cannot exercise discretion to review an untimely 12(b)(3) motion." *United States v. Simmons*, No. 08-CR-1280 (VEC), 2020 WL 6381805, at *4 (S.D.N.Y. Oct. 29, 2020) (footnote omitted) (collecting cases); *accord United States v. Kelly*, — F. Supp. 3d —, No. 19-CR-286 (AMD), 2022 WL 2316177, at *29 (E.D.N.Y. June 29, 2022). Nor, in any event, does the record provide any basis for a finding of good cause. "'A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client' do not constitute good cause." *United States v. Hester*, 674 F. App'x 31, 36 (2d Cir. 2016) (summary order) (quoting *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003)). There was "ample opportunity and expertise to allow for the making of [a breach-of-plea-agreement] challenge prior to trial, if one had been warranted." *O'Brien*, 926 F.3d at 84. Berry provides no explanation for failing to raise these arguments in his Rule 12 motion.

The Court's conclusion would not be changed even if Berry's arguments could properly be raised under Rules 29 or 33. At Berry's request, the Court set the deadline to file such

motions on October 28, 2021, Dkt. No. 137, 16 days longer than the standard 14 days after trial provided for in the Federal Rules, *see* Fed. R. Crim. P. 29(c)(1), 33(b)(2). Yet Berry did not file the present motion until nearly a year later, and approximately five months after defense counsel first raised the issue at oral argument. Under Rule 45, the Court can extend the deadline "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). However, "[e]xcusable neglect is not easily demonstrated, nor was it intended to be." *Knowles v. United States*, No. 11-CR-630 (KMK), 2022 WL 999078, at *22 (S.D.N.Y. Mar. 30, 2022) (citation omitted). "When considering whether a party has demonstrated excusable neglect, courts apply an equitable test that considers all relevant circumstances, including: (1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith." *United States v. Cook*, No. 13-CR-777 (AJN), 2014 WL 12681367, at *1 (S.D.N.Y. Nov. 17, 2014) (citation omitted), *aff'd sub nom. United States v. Gill*, 674 F. App'x 56 (2d Cir. 2017) (summary order). In this context, "a party claiming excusable neglect will, in the ordinary course, lose." *United States v. Williams*, No. 10-CR-622 (ADS), 2017 WL 5483744, at *3 (E.D.N.Y. Nov. 15, 2017) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997)).

Berry fails to address timeliness in his opening brief, but in his reply, Berry argues that the Court should attribute any delay to excusable neglect, primarily citing his counsel's "carelessness in handling the breach of plea issue" and arguing that any delay will not prejudice the Government. Berry Reply 2–3. While the Court does not have reason to believe that Berry

11

filed the present motion in bad faith, the balance of factors counsel against a finding of excusable neglect.

Although "delay alone is not a sufficient basis for establishing prejudice," "some level of prejudice may be presumed as a matter of law due to the length of the Defendant's delay." *Cook*, 2014 WL 12681367, at *1 (cleaned up). "[T]he government does have a significant interest in the finality of the verdict and in getting [D]efendant sentenced." *United States v. Ketabchi*, No. 17-CR-243-3 (SHS), 2019 WL 1510444, at *2 (S.D.N.Y. Mar. 25, 2019) (cleaned up). Here, Berry's supplemental motion was filed approximately one year after his guilty verdict, months after the Court ruled on his post-trial motions, and just three weeks prior to his sentencing date, which had already been adjourned at his request, necessitating another adjournment. *See, e.g.*, *Cook*, 2014 WL 12681367, at *2 (denying as untimely Rule 29 motion filed 24 weeks after deadline and "shortly before his now rescheduled sentencing hearing"); *United States v. Midyett*, No. 07-CR-874 (KAM), 2010 WL 1992191, at *1 (E.D.N.Y. May 14, 2010) (denying as untimely Rule 33 motion "filed after defendant's Rule 29 motion for acquittal and other post-conviction motions on which the court has issued rulings," 14 months after verdict, "and . . . 15 days before defendant was scheduled to be sentenced"); *United States v. Urena*, No. 05-CR-760 (PKC), 2008 WL 2229847, at *1, 3 (S.D.N.Y. May 29, 2008) ("[T]he late making of the motion for leave to file the Rules 29 and 33 motions" eight months after verdict "has delayed the sentencing of defendant Urena and this, too, is a tangible impact on judicial proceedings.").

Most importantly, "the factual basis upon which defendant moves for a new trial was known to defendant . . . before his conviction." *Midyett*, 2010 WL 1992191, at *1; *see also United States v. Jean*, No. 19-CR-123-2 (JS), 2020 WL 5211053, at *2 (E.D.N.Y. Sept. 1, 2020)

(denying *pro se* supplemental Rule 33 motion filed six months after ruling on counseled post-trial motions as untimely because "the factual basis upon which defendant moves for a new trial was known to defendant before filing his initial motion" (cleaned up)); *United States v. Tingman*, No. 11-CR-1040 (SHS), 2013 WL 6925018, at *1 (S.D.N.Y. Dec. 23, 2013) (denying Rule 29 motion filed five months after verdict as untimely where the "issues raised in the motion were known to defendant and his counsel during trial"). And finally, "[D]efendant's apparent differences with counsel are not an adequate basis for Rule 45 relief." *United States v. Nappy*, No. 94-CR-656 (LMM), 2010 WL 4537115, at *3 (S.D.N.Y. Nov. 5, 2010) (citation omitted), *aff'd*, 523 F. App'x 834 (2d Cir. 2013) (summary order); *see, e.g.*, *Tingman*, 2013 WL 6925018, at *1 (denying as untimely Rule 29 motion notwithstanding alleged "miscommunication between attorney and client regarding the filing of the motion [a]s inadequate" (cleaned up)); *Urena*, 2008 WL 2229847, at *3 (denying as untimely Rules 29 and 33 motions despite alleged "post-verdict breakdown in the relationship with retained counsel" given absence of "affidavit or declaration support[ing] the claim"). On this record, the Court cannot find excusable neglect warranting consideration of Berry's untimely arguments.

For the foregoing reasons, Berry's supplemental motion is denied as untimely.

**II.     Merits**

Even if Berry's arguments were timely raised, the Court would deny Berry's supplemental motion as meritless.

"Plea agreements are interpreted in accordance with contract law principles." *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000). "To determine whether a plea agreement has been breached, we look to the reasonable understanding of the parties as to the terms of the

13

agreement." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (cleaned up). "[A]ny ambiguities in the agreement must be resolved in favor of the defendant." *Id.* "[C]ourts," however, "will not rewrite or nullify an otherwise constitutionally sound, unambiguous plea agreement." *United States v. Samuels*, No. 00-CR-329 (TCP), 2009 WL 10701321, at *2 (E.D.N.Y. Oct. 16, 2009), *aff'd*, 395 F. App'x 754 (2d Cir. 2010) (summary order).

"In determining whether the present charges violate the [2008] Plea Agreement, [the Court's] review begins, as it must, with the text of the agreement itself." *United States v. Rodriguez*, No. 19-CR-779 (AKH), 2020 WL 5819503, at *8 (S.D.N.Y. Sept. 30, 2020). The 2008 Plea Agreement here is not ambiguous. It provides that Berry "will not be further prosecuted criminally by" the U.S. Attorney for the Southern District of New York "for his (1) participation in a conspiracy to distribute, and possess with intent to distribute, 50 grams and more of 'crack' cocaine from in or about 1995 through in or about April 2007, as charged in Count One of the Indictment" or for (2) and (3) possession with intent to distribute, and distribution of, "crack" cocaine on or about July 29, 2005, and April 11, 2007, "as charged in" Counts Two and Three, respectively, of the same indictment. Berry Mot. 22. That indictment, in turn, charged Berry with narcotics conspiracy in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and distributing and possessing with intent to distribute crack cocaine on the two aforementioned specific dates in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), in Counts One, Two, and Three, respectively.

The superseding indictment in the instant prosecution did "not charge Defendant with [any] of these offenses, and on this basis alone, the [2008] [P]lea [A]greement does not preclude the present prosecution." *Rodriguez*, 2020 WL 5819503, at *8; *see also United States v.*

*Morales*, 465 F. App'x 734, 739 (9th Cir. 2012) (unpublished) (holding defendant's "non-prosecution agreement provides no basis to dismiss the indictment" where "non-prosecution agreement bars further prosecution 'for a violation of Title 21 United States Code Section 841(a)(1) arising from' [defendant's] possession of controlled substances on September 7, 2005," and later "indictment does not include any charges under § 841(a)"). Berry argues that he "reasonably believed that his conducts as part of the conspiracy charged in [the] 2008 Indictment were immunized from further prosecution by [the] 2008 Plea Agreement . . . [w]hereas as part of the agreement Berry was involved in violent conducts . . . which included the shooting of C[a]price Jones." Berry Mot. 4–5. But Berry's "understanding cannot override the plain terms of the Plea Agreement." *United States v. Burrell*, No. 19-CR-643 (VM), 2021 WL 2139335, at *3 (S.D.N.Y. May 26, 2021) (rejecting defendant's argument "that it was his understanding that he would not be prosecuted for 'any alleged racketeering activity that occurred between 2007 and October 2017'" where "this understanding is contradicted by the plain, unambiguous terms of the Plea Agreement, which immunizes [defendant] only for racketeering activity '*as charged in Count One*'"). Had the parties intended Berry's immunity to extend more broadly, they could have included language to that effect. *See, e.g.*, *United States v. Maxwell*, 534 F. Supp. 3d 299, 310–11 (S.D.N.Y. 2021) (denying motion to dismiss indictment where prior non-prosecution agreement barred prosecution for, *inter alia*, "any other offenses that have been the subject of the joint investigation by the Federal Bureau of Investigation and the United States Attorney's Office" and "any offenses that arose from the Federal Grand Jury investigation"); *United States v. Bradford*, 433 F. Supp. 2d 1001, 1003, 1007 (N.D. Iowa 2006) (dismissing indictment where prior plea agreement provided that U.S. Attorney would "file no additional Title 21 drug-related

criminal charges based upon *or arising from* information now in our possession").

As the Government notes, although Berry's remaining convictions in the current prosecution for killing while engaged in a narcotics conspiracy and murder in aid of racketeering "rest, in part, on proof that the defendant was engaged in drug dealing at the time of the shooting that resulted in the murder," that "does not mean that the murder charges constitute further prosecution *for* conspiring to traffic in controlled substances." Dkt. No. 180 at 11. "Where the 'new charges are sufficiently distinct' from those contained in the plea agreement, it is not a violation of the plea agreement to pursue prosecution." *United States v. Laskow*, 688 F. Supp. 851, 855–56 (E.D.N.Y. 1988) (quoting *United States v. Annabi*, 771 F.2d 670, 672 (2d Cir. 1985)). Thus, courts have denied motions to dismiss indictments raising breach-of-agreement arguments even where there is factual overlap between the crimes charged in the indictment and conduct encompassed by a prior plea agreement. *See, e.g.*, *United States v. Hernandez*, No. 09-CR-625 (HB), 2010 WL 2652495, at *2 (S.D.N.Y. June 30, 2010); *United States v. Tomero*, 473 F. Supp. 2d 609, 616–17 (S.D.N.Y. 2007). And here, Berry's convictions under Counts Two and Three for violations of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 1959(a)(1)—although overlapping to some extent with his earlier drug conspiracy conviction—are for separate crimes and do not constitute "further prosecut[ion] criminally by" the U.S. Attorney for the Southern District "for his . . . participation in [the] conspiracy to distribute [controlled substances] . . . as charged in Count One of the" indictment in the 2008 prosecution. Berry Mot. 22; *see United States v. Polanco*, 145 F.3d 536, 542 (2d Cir. 1998) ("[T]he government may prosecute a defendant both under RICO for engaging in a pattern of racketeering activity and also under § 1959 for violent crimes intended to maintain or increase the defendant's position in the RICO

16

enterprise."); *United States v. Romero*, 967 F.2d 63, 67 (2d Cir. 1992) ("Congress intended CCE [Continuing Criminal Enterprise] to be a separate offense and . . . it intended to permit prosecution for both the predicate offenses and the CCE offense." (quoting *Garrett v. United States*, 471 U.S. 773, 786 (1985))).

This conclusion is reinforced by the fact that the crimes Berry was charged with, and convicted of, in this prosecution had not been completed at the time of the 2008 Plea Agreement, because Jones did not die as a result of the June 21, 2000 shooting until 2010. Thus, the operative indictment in the earlier prosecution—the document cross-referenced in the 2008 Plea Agreement—did not, and could not, have charged Berry with the crimes of conviction in this prosecution. In *Romero*, the Second Circuit considered whether the Government was estopped from prosecuting the defendant for, *inter alia*, engaging in a CCE in violation of 21 U.S.C. § 848(a) based on comments made by the prosecutor (such as, "the plea agreement 'cleans up everything I now have,'") when the defendant reached a plea agreement in 1987 in a different, earlier prosecution that resulted in a conviction for RICO conspiracy. 967 F.2d at 67. The court rejected the defendant's argument because "CCE is an additional crime" separate from any predicate offenses and the record did not show "that the government had information in 1987 sufficient to bring a CCE indictment against" the defendant. *Id.* at 67–68. "The government did not promise to refrain from prosecuting crimes antedating the plea agreement for which they did not have sufficient evidence to prosecute." *Id.* at 68. The language here in Berry's written 2008 Plea Agreement was significantly narrower than the prosecutor's statement in *Romero*, and the same conclusion follows. The parties did not agree to grant Berry immunity in 2008 for crimes that were not—and could not have been—charged at that time.

In sum, Berry's arguments would fall short even if they had been timely raised.

## CONCLUSION

For the foregoing reasons, Berry's supplemental post-trial motion is DENIED. Berry's sentencing will be rescheduled in a separate order to be filed today.

The Clerk of Court is respectfully directed to terminate Dkt. No. 174. The Clerk is further respectfully directed to mail a copy of this Opinion and Order to Mr. Berry at MDC Brooklyn and to note the mailing on the docket.

SO ORDERED.

Dated: November 30, 2022
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation